JOHNNY H. EDWARDS, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 26843

May 30, 1996                    918 P.2d 321

*Gary E. Gowen,* St. Mary's, Georgia, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

## FACTS

On May 2, 1988, appellant was convicted pursuant to guilty pleas of five counts of attempted sexual assault. The district court sentenced appellant to serve five consecutive terms of fifteen years each in the Nevada State Prison. This court dismissed appellant's direct appeal. Edwards v. State, Docket No. 19287 (Order Dismissing Appeal, March 30, 1989).

On January 12, 1990, appellant filed in the district court a petition for post-conviction relief. Appellant contended that he entered his guilty pleas involuntarily, his trial counsel was ineffective and the district court breached the plea agreement. The state opposed appellant's petition. On March 6, 1990, the district court denied appellant's petition without appointing counsel or conducting an evidentiary hearing. We dismissed the appeal from that order. Edwards v. State, Docket No. 21026 (Order Dismissing Appeal, May 30, 1990).

On September 7, 1990, appellant filed in the district court a post-conviction petition for a writ of habeas corpus. Appellant raised the same contentions in this petition as he raised in his prior petition. The state opposed the petition. On October 10, 1990, the district court denied appellant's petition without appointing counsel or conducting an evidentiary hearing. This court dismissed the appeal from that order. Edwards v. State, Docket No. 21930 (Order Dismissing Appeal, March 28, 1991).

On July 18, 1991, appellant filed in the district court a second post-conviction petition for a writ of habeas corpus. Appellant contended that he unknowingly entered his guilty pleas. The state opposed the petition. On August 19, 1991, the district court denied appellant's petition without appointing counsel or conducting an evidentiary hearing. Appellant did not appeal from the district court's order.

On August 16, 1994, appellant filed in the district court a "motion for modification of an illegal sentence." Appellant contended that the district court sentenced him based on incomplete

and untrue facts. According to appellant, his promiscuous step-daughter seduced him one night and he mistook his stepdaughter for his wife. Appellant contended further that his stepdaughter threatened to inform appellant's wife of the indiscretion unless appellant continued to have sexual relations with her and gave her favors. The stepdaughter eventually became pregnant and gave birth to twins.

Appellant contended that at sentencing his wife did not fully disclose the details surrounding appellant's seduction and sexual relationship with the stepdaughter. Appellant asserted that there was evidence that another man might have fathered the twins. In addition, appellant noted that his sentences were not appropriate because his stepdaughter has graduated from high school, has gone to college on scholarship and has suffered no lasting effects from appellant's misconduct.

The state opposed appellant's motion. On November 2, 1994, the district court, without appointing counsel or conducting an evidentiary hearing, entered a written order denying appellant's motion. Appellant filed a notice of appeal on December 12, 1994.

On July 24, 1995, this court entered an order requiring appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We noted that appellant did not file his notice of appeal within thirty days of entry of the written order denying his motion as required under NRAP 4(b).

In his response, appellant responds by arguing that his motion to modify his sentence should be treated as ''a petition for post-conviction relief in the nature of habeas corpus.'' Pursuant to NRS 34.575(1), petitioners have thirty days after the district court serves written notice of entry of the order denying a petition for a writ of habeas corpus within which to file a notice of appeal. Appellant contends that his notice of appeal is timely because the district court did not serve him with written notice of entry of the order denying his habeas-like motion. Thus, the sole issue before this court is whether the appeal period in this case is governed by NRAP 4(b), or NRS 34.575(1).

## DISCUSSION

Appellant contends that his motion to modify an illegal sentence should be treated like a petition for a writ of habeas corpus for purposes of determining when his notice of appeal is due, based on the reasoning of Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967). Appellant contends further that this court ''has employed various forms of legal fiction'' to allow sentences to be modified without regard to time constraints. Appellant is mistaken.

NRS 34.724(2) (emphasis added) provides in part:

> Such a petition [for a writ of habeas corpus filed after conviction]:
> (a) Is not a substitute for and does not affect any remedies which are *incident to the proceedings in the trial court* or the remedy of direct review of the sentence or conviction.
> (b) Comprehends and takes the place of all other common law, statutory or other remedies which have been available for challenging the *validity of the conviction or sentence,* and must be used exclusively in place of them.

This court has expressly recognized two types of post-conviction challenges to judgments of conviction that are "incident to the proceedings in the trial court," and thus are excepted by NRS 34.724(2)(a) from the provisions of the habeas statutes: A motion to modify a sentence based on very narrow due process grounds, and a motion to correct a facially illegal sentence. Passanisi v. State, 108 Nev. 318, 831 P.2d 1371 (1992). In all other cases, post-conviction challenges to "the validity of [a] conviction or sentence" must be brought pursuant to NRS 34.720 through NRS 34.830. *See* NRS 34.724(2)(b).

Beginning with *Peters,* this court established a line of cases in which we ruled, based on due process considerations, that the district court has inherent authority to correct, vacate or modify a sentence that is based on a materially untrue assumption or mistake of fact that has worked to the extreme detriment of the defendant, but only if the mistaken sentence "is the result of the sentencing judge's misapprehension of a *defendant's criminal record.*" State v. District Court, 100 Nev. 90, 97, 677 P.2d 1044, 1048 (1984) (emphasis added); *see also* Passanisi v. State, 108 Nev. 318, 320, 831 P.2d 1371, 1372 (1992); Staley v. State, 106 Nev. 75, 79-80, 787 P.2d 396, 398 (1990). We further recognized that the inherent power to modify a sentence necessarily includes the power to entertain a motion to modify a sentence. *Passanisi,* 108 Nev. at 320, 831 P.2d at 1372.[1]

NRS 176.555 provides: "The [district] court may correct an illegal sentence at any time." We have recognized that the power

---

[1]Nothing in this line of cases would preclude criminal defendants from challenging sentences alleged to be infirm for any reason in a post-conviction petition for a writ of habeas corpus. *See* Weaver v. Warden, 107 Nev. 856, 858, 822 P.2d 112, 114 (1991). Nevertheless, a petition for a writ of habeas corpus may not always be an appropriate remedy when a party seeks a modification of a sentence. *See* Passanisi v. State, 108 Nev. 318, 321 n.1, 831 P.2d 1371, 1372-73 n.1 (1992) (discussing circumstances when a petition for a writ of habeas corpus would not be an appropriate remedy).

of the district court to correct an illegal sentence is inherent. *See, Passanisi,* 108 Nev. at 321, 831 P.2d at 1372. The inherent power to correct an illegal sentence, like the inherent power to modify sentences based on mistakes about a defendant's record, must necessarily include the power to entertain a motion to correct an illegal sentence.

Because of the very nature of the remedy sought in a motion for relief from a sentence that is either facially illegal or is the result of a mistaken assumption regarding a criminal defendant's record, time constraints and procedural defaults necessarily do not apply. *Id.* Contrary to appellant's assertions, we have not employed any legal fiction to overcome applicable time limitations; we have simply not applied time limitations in cases in which they were not intended to apply.

We emphasize that a motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment. Motions to correct illegal sentences address only the facial legality of a sentence. An "illegal sentence" for purposes of a statute identical to NRS 176.555 was defined by the District of Columbia Court of Appeals as "one 'at variance with the controlling sentencing statute,' or "illegal" in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided . . . ." Allen v. United States, 495 A.2d 1145, 1149 (D.C. 1985) (quoting Prince v. United States, 433 A.2d 720, 721 (D.C. 1981) and Robinson v. United States, 454 A.2d 810, 813 (D.C. 1982)). A motion to correct an illegal sentence "presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence." *Id.* A motion to correct an illegal sentence is an appropriate vehicle for raising the claim that a sentence is facially illegal at any time; such a motion cannot, however, be used as a vehicle for challenging the validity of a judgment of conviction or sentence based on alleged errors occurring at trial or sentencing. Issues concerning the validity of a conviction or sentence, except as detailed in this opinion, must be raised in habeas proceedings. NRS 34.724(2)(b); *see* State v. Meier, 440 N.W.2d 700, 703 (N.D. 1989).[2]

---

[2] We have observed that defendants are increasingly filing in district court documents entitled "motion to correct illegal sentence" or "motion to modify sentence" to challenge the validity of their convictions and sentences in violation of the exclusive remedy provision detailed in NRS 34.724(2)(b),

In this case, appellant filed a motion entitled "motion for modification of an illegal sentence." Appellant specifically pursued a motion to modify his sentence instead of pursuing habeas relief because he believed he was procedurally barred from bringing a successive habeas petition. Appellant now seeks to selectively apply habeas procedures to take advantage of the protections of the habeas appeal statute. We will not allow appellant to abuse the legal process in the manner he proposes.

Habeas corpus is a unique remedy that is governed by its own statutes regarding procedure and appeal. *See* Mazzan v. State, 109 Nev. 1067, 863 P.2d 1035 (1993). Appellant's motion was not filed pursuant to those statutes, and is not governed by them. Instead, appellant's motion is simply a separate criminal proceeding. We have expressly held that the district court's order granting or denying such a motion is appealable as the functional equivalent of an order granting or denying a motion for a new trial pursuant to NRS 177.015(1)(b). Passanisi v. State, 108 Nev. 318, 321-22, 831 P.2d 1371, 1373 (1992).

NRAP 4(b) provides that "[i]n a criminal case, the notice of appeal by a defendant shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from." We have consistently applied this rule to criminal appeals where no other specific appeal period has been provided by statute. *See* Washington v. State, 104 Nev. 309, 756 P.2d 1191 (1988). The timely filing of a notice of appeal is mandatory and jurisdictional. *See* Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). Appellant's notice of appeal was not filed within the time limit prescribed by NRAP 4(b). We conclude, therefore, that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal.

---

in an attempt to circumvent the procedural bars governing post-conviction petitions for habeas relief under NRS chapter 34. We have also observed that the district courts are often addressing the merits of issues regarding the validity of convictions or sentences when such issues are presented in motions to modify or correct allegedly illegal sentences without regard for the procedural bars the legislature has established. If a motion to correct an illegal sentence or to modify a sentence raises issues outside of the very narrow scope of the inherent authority recognized in this Opinion, the motion should be summarily denied.