# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEANETTE FAYE SADOSKI, on behalf
of herself and as a representative
of all other persons who have
been illegally re-sentenced by
Defendant Nevada District Judge
Donald M. Mosley in violation of
rights under the Fifth Amendment
of the United States Constitution
not to be twice placed in jeopardy
for the same criminal offense,
*Plaintiff-Appellant,*

v.

DONALD M. MOSLEY, as an
individual and also in his official
capacity as District Court Judge of
the Eighth Judicial District of the
State of Nevada; STEWART L. BELL,
as an individual and also in his
official capacity as the District
Attorney of Clark County,
Nevada; DAVID ROGER, as an
individual and also in his official
capacity as the District Attorney
of Clark County, Nevada; JACKIE
CRAWFORD, as an individual and
also in her official capacity as the
Director of the Nevada
Department of Corrections; CLARK
COUNTY, NEVADA,
*Defendants-Appellees.*

No. 04-15447

D.C. No.
CV-03-01292-RCJ

OPINION

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted
November 18, 2005—San Francisco, California

Filed January 24, 2006

Before: John T. Noonan, Pamela Ann Rymer, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould;
Concurrence by Judge Gould

## COUNSEL

Clark Garen, Law Offices of Clark Garen, Corona, California, for the plaintiff-appellant.

Thom Gover, Senior Deputy Attorney General, Las Vegas, Nevada; Stephanie A. Barker, Chief Deputy District Attorney, Las Vegas, Nevada, for the defendants-appellees.

## OPINION

GOULD, Circuit Judge:

Plaintiff-Appellant, Jeanette Faye Sadoski, appeals the district court's order dismissing her complaint for damages and injunctive relief under 42 U.S.C. § 1983. Sadoski alleges that Defendant-Appellee, Judge Donald M. Mosley, after sentencing Sadoski to a twelve-month term of incarceration for attempted theft, unlawfully re-sentenced her to a term of incarceration between twelve and thirty-two months, subjecting Sadoski to double jeopardy in violation of her federal and state constitutional rights. Sadoski further alleges that Defendants-Appellees Stewart Bell, David Roger, Jackie Crawford, and Clark County violated Sadoski's protection against double jeopardy by seeking or executing the more severe sentence.

The district court concluded that Judge Mosley was entitled to absolute immunity for his actions in Sadoski's case and that Judge Mosley's immunity protected the other defendants as well. The district court also concluded that Sadoski did not have standing to assert a class claim for injunctive relief. The district court dismissed Sadoski's suit pursuant to Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

# I

At the time of the events underlying this appeal, Donald Mosley served as a judge of the criminal division for the Eighth Judicial District of Nevada. In October 1999, with Judge Mosley presiding, Sadoski pleaded guilty to attempted theft. Under Nevada law, Judge Mosley had discretion to find Sadoski guilty of either a gross misdemeanor or a felony. On June 7, 2000, Judge Mosley signed a Judgment of Conviction finding Sadoski guilty of a gross misdemeanor and sentencing her to a twelve month term of incarceration, which Judge Mosley suspended in favor of probation for an indeterminate period of time not to exceed three years.

Judge Mosley later learned that he had misunderstood Sadoski's criminal history when he sentenced her. Between Sadoski's guilty plea and her sentencing, Sadoski had been arrested and charged with possession of a controlled substance with intent to sell. This information was not reflected in the sentencing report on which Judge Mosley relied when

---

[1]We review de novo a district court's determination that a judge is protected by absolute immunity. *See Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). We also review de novo a district court's order dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). For purposes of our review, we assume that Sadoski's factual allegations are true, and we analyze them in the light most favorable to her claims. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

he sentenced Sadoski, and Sadoski's counsel did not inform Judge Mosley of the pending charges.

When Judge Mosley realized that he had sentenced Sadoski based on incomplete information, Judge Mosley decided to re-sentence Sadoski to a longer term of incarceration. On November 20, 2000, Judge Mosley signed a second Judgment of Conviction, finding Sadoski guilty of a felony and sentencing her to a term of incarceration not to exceed thirty-two months with a minimum parole eligibility of twelve months. Judge Mosley suspended the sentence, imposing instead an indeterminate period of probation not to exceed three years.

On August 7, 2001, the Nevada Supreme Court issued an unpublished order in *Steinberg v. State*, addressing a Nevada district court's authority to modify a sentence after a defendant had begun serving it. Citing *Edwards v. State*, 918 P.2d 321 (Nev. 1996), the Nevada Supreme Court recognized that Nevada district courts have jurisdiction to modify a sentence that was "based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." *See id.* at 324. In *Steinberg*, the Nevada Supreme Court concluded that a Nevada district court did not have jurisdiction to modify a sentence where the mistaken assumption underlying the sentence disadvantaged the State rather than the defendant. Sadoski contends that Judge Mosley, as well as defendants Bell and Roger, received copies of this order, and that Defendants knew that the Nevada Supreme Court had prohibited re-sentencing a defendant under circumstances that were factually analogous to Sadoski's case.

On October 17, 2001, the Clark County District Attorney requested that Judge Mosley revoke Sadoski's probation. On November 13, 2001, Judge Mosley granted the District Attorney's request and issued an Order for Revocation of Probation and Amended Judgment of Conviction, subjecting Sadoski to the sentence imposed on November 20, 2000: a term of incarceration of up to thirty-two months, at least twelve months of

which Sadoski would have to serve before she could qualify for parole.

In October 2002, Sadoski filed a Motion to Correct Illegal Sentence. Judge Mosley denied the motion and Sadoski appealed. The Nevada Supreme Court reversed this decision and ordered Judge Mosley to reinstate Sadoski's original, June 7, 2000, sentence. On July 16, 2003, Judge Mosley did so and Sadoski was released from incarceration. In October 2003, Sadoski filed this civil action asserting a violation of her civil rights guaranteed by the Constitution and 42 U.S.C. § 1983.

## II

**[1]** Although judges usually are immune from suits for damages based on their judicial conduct, a judge who acts "in the 'clear absence of all jurisdiction' " is not entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). Sadoski contends that Judge Mosley acted in the clear absence of all jurisdiction when he modified her sentence to extend the term of her incarceration. We disagree.

**[2]** Judge Mosley retained subject matter jurisdiction over Sadoski's conviction for attempted theft after she began serving her sentence. Under Nevada law, Judge Mosley had jurisdiction to modify Sadoski's sentence, even after she had begun serving it, if the sentence was "based on mistaken assumptions about a defendant's criminal record which work[ed] to the defendant's extreme detriment." *Edwards*, 918 P.2d at 324. Here, however, the mistaken assumption on which Judge Mosley relied did not work to Sadoski's detriment, but to the State's. Accordingly, as the Nevada Supreme Court later ruled, Judge Mosley did not have jurisdiction to extend the term of Sadoski's incarceration. Because we are

reviewing a district court's order pursuant to Fed. R. Civ. P. 12(b)(6), we credit Sadoski's allegation that Judge Mosley knew the limits of his jurisdiction when he modified Sadoski's sentence. But the United States Supreme Court has stated clearly that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *See Sparkman*, 435 U.S. at 356. Although we assume for purposes here that Judge Mosley acted in excess of his jurisdiction when he modified Sadoski's sentence to impose a longer term of incarceration,[2] we conclude that he did not act in the clear absence of all jurisdiction. As the Supreme Court said more than a century ago "[if a criminal judge] should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction . . . ." *See Bradley*, 80 U.S. (13 Wall.) at 352. We hold that Judge Mosley is entitled to absolute immunity for the conduct underlying Sadoski's complaint.

**[3]** The district court did not consider whether the other defendants were entitled to immunity because the district court accepted Sadoski's concession that her claims against the other defendants would fail if Judge Mosley was entitled to absolute immunity. Sadoski makes the same concession on appeal, which we accept. Accordingly, we conclude that the district court was correct to dismiss Sadoski's claims against defendants Bell, Roger, and Crawford.

**[4]** Sadoski's claim against Clark County also fails. Because Sadoski does not contend that Clark County maintains a policy or custom pertinent to her alleged injury, and because Sadoski does not explain how such a policy caused her injury, Sadoski's claim against Clark County cannot suc-

---

[2]Although malice alone is not sufficient to deprive a judge of absolute immunity, we note that the record does not show malice, but only mistake.

ceed as a matter of law. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**[5]** Because Sadoski is no longer incarcerated pursuant to an unlawfully modified sentence, her class claims fail because, as the district court recognized, Sadoski no longer has a personal stake in the outcome of this litigation. *See Flast v. Cohen*, 392 U.S. 83, 101 (1968).

**AFFIRMED**.

---

GOULD, Circuit Judge, concurring:

At trial and on this appeal, Sadoski stated that her claims against defendants Bell, Roger, and Crawford would fail if we concluded that Judge Mosley was entitled to absolute immunity. The district court accepted Sadoski's concession and did not separately address the standards for immunity of the prosecutors and of the corrections official. The opinion of our court on this appeal also accepts the appellant's concession and does not address the immunity standards for the other defendants. To avoid the risk that a reader might think incorrectly that the immunity of the prosecutor and the corrections official turns on the resolution of the issue of judicial immunity, I write separately to express the view that the prosecutor and the corrections official would here have immunity even if Judge Mosley had acted in the clear absence of all jurisdiction.

Generally, a prosecutor is immune from civil liability for actions taken during the course of the prosecutor's duties. *See Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) ("Where a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies." (internal quotations omitted)). Defendants Bell and Roger were acting as advocates when they participated in

Sadoski's re-sentencing and subsequent parole revocation, and they are entitled to immunity for their actions in this case. *See id*. This would be true even if Judge Mosley had acted in the clear absence of all jurisdiction.

We have not considered whether a type of absolute immunity applies to a corrections official who imprisons a defendant pursuant to a facially valid judicial order. We have said, however, that "[t]he fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 765 (9th Cir. 1987) (concluding that a social worker who sought, obtained, and executed a court order to remove a child from her mother's care was entitled to absolute quasi-judicial immunity). If this issue were reached, I would agree with the Eighth Circuit that a corrections official who executes a valid court order is entitled to absolute immunity from liability based on the fact of a prisoner's incarceration. *See Patterson v. Von Riesen*, 999 F.2d 1235, 1241 (8th Cir. 1993) ("We simply conclude that a warden is absolutely immune from damages flowing from the *fact* of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement."). Permitting Sadoski's suit to proceed against Crawford would create a risk of harassing litigation aimed at corrections officials who are entitled to absolute immunity when they follow a facially valid court order. This, again, would be true even if Judge Mosley had acted in a clear absence of all jurisdiction.

It is a reasonable judicial procedure to accept the stipulation of Sadoski's counsel that we should affirm the district court's dismissal of suit against the other defendants if we concluded that Judge Mosley was entitled to absolute immunity. However, it is important to keep in mind that the standards for immunity of the various defendants differ and that, if the issues were reached, on the record here, both the prosecutors and the corrections official would be entitled to immu-

nity for their respective actions, even if Judge Mosley had acted in the clear absence of all jurisdiction.