An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CASSANDRA JUNE HOLLIDAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61633

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER DISMISSING APPEAL

This is an appeal from a district court order denying appellant Cassandra June Holliday's motion to vacate an illegal sentence. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Because no statute or court rule authorizes an appeal from an order denying a motion to vacate an illegal sentence, we ordered Holliday's counsel to show cause why this appeal should not be dismissed for lack of jurisdiction. In response, counsel asserted that the order is appealable because, despite the title of the motion filed below, Holliday sought to correct an illegal sentence. To support the assertion, counsel erroneously cited to *Passanisi v. State*, 108 Nev. 318, 831 P.2d 1371 (1992), which addressed a motion to *modify* a sentence. Nevertheless, based on counsel's representations, we concluded that we had jurisdiction to entertain this appeal and reinstated briefing. *Holliday v. State*, Docket No. 61633 (Order Reinstating Briefing, November 9, 2012). After further review, however, the record before this court does not indicate that Holliday properly argued or that the district court construed her motion as either a motion to modify or a motion to correct an illegal sentence. Therefore, we now conclude that Holliday failed to establish this court's jurisdiction. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14363

Despite our conclusion, we are concerned that the district court sentenced Holliday to a term of incarceration after previously entering an order dismissing her case and setting aside the conviction. We question the propriety of the district court's subsequent vacating of that order discharging her from probation and dismissing the case after it was brought to the court's attention. We point out that Holliday's amended judgment of conviction was filed in the district court on August 14, 2012. Therefore, although we express no opinion regarding the merits of such an action, we note that she has one year from that date to file a timely habeas petition in the district court challenging the constitutionality of her conviction and sentence. *See* NRS 34.724(1) & (2)(b); NRS 34.726(1); *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) ("Issues concerning the validity of a conviction or sentence . . . must be raised in habeas proceedings.").

Having concluded that Holliday failed to establish this court's jurisdiction, we

ORDER this appeal DISMISSED.

_____, J.
Gibbons

_____, J.                    _____, J.
Douglas                                        Saitta

cc:     Hon. Jerome T. Tao, District Judge
        Clark County Public Defender
        Cassandra June Holliday
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

