An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN FLOYD VOSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62024

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a "motion to correct clerical mistakes, to correct or modify verdict and judgment, or vacate judgment."[1] Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

In his motion filed on April 21, 2011, and his amended motion filed on July 23, 2012, appellant claimed that his conviction and sentence should be vacated because his indictment did not sufficiently allege a

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

In denying appellant's motion as procedurally barred under NRS 34.724(2)(b), the district court apparently construed the pleading as a post-conviction petition for a writ of habeas corpus. However, because appellant did not label or style the pleading as a petition for writ of habeas corpus, it is more properly construed as a motion to correct or modify an illegal sentence. Notably, appellant had a post-conviction petition for a writ of habeas corpus pending in the district court when he filed the instant motion. We nevertheless affirm because the district court reached the right result in denying the motion. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21620

timeframe for the offenses, the district court impermissibly modified the murder charge, and the judgment of conviction did not contain statutory subsections for the offenses. To the extent that appellant claimed that his sentence should be modified, he failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant also failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction. *See id.* Appellant's claims regarding the validity of his judgment of conviction fell outside the narrow scope of claims permissible in a motion to modify or correct a sentence. *See id.* We therefore conclude that the district court did not err in denying appellant's motions. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Jerome Polaha, District Judge
Steven Floyd Voss
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A