An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY L. HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62706



FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on October 31, 2012, more than eight years after issuance of the remittitur on direct appeal on June 2, 2004. *Harris v. State*, Docket No. 40344 (Order of Affirmance, May 5, 2004). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Harris v. State*, Docket No. 59238 (Order of Affirmance, January 12, 2012).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27886

NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Relying upon *Edwards v. State*, 112 Nev. 704, 918 P.2d 321 (1996), appellant claimed that the procedural time bar did not apply to him because he raised claims concerning the validity of his sentence. Appellant was in error. Procedural bars are mandatory in habeas corpus, and there is no exception based on a claim of sentencing error. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005); *see also* NRS 34.726. Appellant did not attempt to provide any good cause argument to excuse his delay and did not overcome the presumption of prejudice to the State. Even assuming that appellant's petition could be construed as a motion to correct an illegal sentence, appellant failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction over him. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                          Saitta

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:   Hon. Valorie J. Vega, District Judge
       Gregory L. Harris
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk