An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VORNELIUS JAMAL PHILLIPS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65584

FILED

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a proper person appeal from an order of the district court denying a motion to modify sentence and motion withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Motion to modify sentence*

In his February 5, 2014, motion, appellant claimed that his counsel was ineffective for permitting appellant to plead guilty while he was under the influence of mental health medication and for failing to inform him of the consequences of pleading guilty. Appellant also claimed that he should not have received the deadly weapon enhancement because he asserted that he did not use a deadly weapon in the commission of the crime. Appellant's claims fell outside the narrow scope of claims

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37409

permissible in a motion to modify sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of any of these claims, we conclude that the district court did not err in denying relief.

*Motion to withdraw guilty plea*

In his February 5, 2014, motion, appellant claimed that his counsel was ineffective for permitting appellant to plead guilty while on mental health medication and for failing to inform him of the consequences of pleading guilty. Appellant also claimed that he should not have received the deadly weapon enhancement because he asserted that he did not use a deadly weapon in the commission of the crime.

This court has recently held that a post-conviction petition for a writ of habeas corpus is the exclusive remedy to challenge the validity of a guilty plea after sentencing and that a post-conviction motion to withdraw a guilty plea should be construed as a post-conviction petition for a writ of habeas corpus. *See Harris v. State*, 130 Nev. ___, ___, 329 P.3d 619, 628 (2014). NRS chapter 34 bars petitions that are successive, abusive, and/or are filed more than one year after the filing of the judgment of conviction where no direct appeal was taken, unless the petitioner can demonstrate good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(2), (3); *see also State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory.").

Here, the district court considered appellant's claims on the merits and did not discuss the procedural bars from NRS chapter 34 or refer to the fact that appellant's motion was filed almost ten years after

the filing of the judgment of conviction on April 27, 2004. As discussed in *Harris*, the district court should have construed appellant's motion as a post-conviction petition for a writ of habeas corpus and then permitted appellant a reasonable time period to cure any defects with respect to the procedural requirements of NRS chapter 34. *See* 130 Nev. at ___, P.3d at 628-29. We therefore reverse the decision of the district court and remand for the district court to construe the motion as a post-conviction petition for a writ of habeas corpus and to provide appellant an opportunity to cure any defects within a reasonable time period as set by the district court. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____

[2]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

cc:    Hon. Elissa F. Cadish, District Judge
        Vornelius Jamal Phillips
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk