An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL S. FRENCH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66375

**FILED**

DEC 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a motion to withdraw a guilty plea and a motion to modify sentence.[1]  Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Motion to Withdraw a Guilty Plea*

In his motion filed on June 18, 2014, in district court case number C210436, appellant challenged how the Department of Corrections structured his sentences.  Appellant claimed that the Department's structure breached the plea agreement because he understood he was to serve only 7 consecutive terms of 2 to 5 years for a total of 14 to 35 years.

The State opposed the motion, arguing that pursuant to this court's decision in *Harris v. State*, 130 Nev. ___, 329 P.3d 619 (2014), that appellant sought relief in the wrong vehicle as a post-conviction petition

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted.  *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).  We deny appellant's motion to consolidate this appeal with his pending appeal in Docket No. 66374.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40438

for a writ of habeas corpus is the exclusive remedy to challenge the validity of a guilty plea after sentencing. The State argued that construing the motion as a post-conviction petition for a writ of habeas corpus, the motion was procedurally barred as it was filed almost nine years after entry of the judgment of conviction. *See* NRS 34.726(1). The district court determined that appellant was not challenging the validity of his judgment of conviction and sentence, but was challenging the computation of time served and denied the motion without prejudice for him to file a post-conviction petition for a writ of habeas corpus.

To the extent that appellant raised a claim challenging an alleged breach of the plea agreement, the motion was untimely filed and appellant failed to demonstrate good cause to excuse his procedural defects.[2] *See id.* However, to the extent that appellant challenged the computation of time served, the district court correctly determined that this claim must be raised in a post-conviction petition for a writ of habeas corpus, *see* NRS 34.724(2)(c), and could not be raised in a petition that also challenged the validity of the judgment of conviction and sentence, *see* NRS 34.738(3). Accordingly, we conclude that the motion was properly denied in this case.[3]

---

[2]Appellant argued that he had good cause because he just learned that the Department was incorrectly structuring his sentence. However, this does not provide good cause as the breach claim was reasonably available to be raised in a timely petition as the sentences were structured in 2005. The fact that appellant only thought to ask about his sentence structure in April 2014, does not provide good cause for the delay in this case.

[3]We conclude that the district court did not abuse its discretion in denying the motion to appoint counsel.

*Motion to Modify Sentence*

In his motion filed on June 18, 2014, appellant argued that his sentence should be reduced because of mental health issues and his amenability to future treatment and because he received ineffective assistance of counsel. Appellant's claims fell outside the narrow scope of claims permissible in a motion to modify sentence. *See Edwards v. State,* 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of any of the claims raised in the motion, we conclude that the district court did not err in denying the motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                   Saitta

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Kathleen E. Delaney, District Judge
Michael S. French
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A