# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENT ELI MORRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68962



FILED

SEP 19 2016

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's motion to modify his sentence. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Brent Eli Morris was convicted of two counts of fraudulent acts in a gaming establishment and four counts of entry of gaming establishment by excluded person. In light of Morris's prior felony convictions for fraudulent acts at gaming in Nevada in 1989, swindling and cheating at casino gambling and theft by deception in New Jersey in 1995, and cheating at gambling in Michigan in 2001, the district court adjudicated him as a habitual criminal and imposed an aggregate sentence of 8 to 20 years.

Morris argues that his sentence was illegal because the district court considered his 2001 Michigan conviction, which he asserts has since been vacated,[1] in adjudicating him as a habitual criminal and

---

[1] We note that Morris has not provided documentation showing that the 2001 conviction was vacated, and our review has determined that this assertion is false and that the 2001 conviction is valid. The August 29, 2011, order to which he cites issued a conditional writ of habeas corpus

*continued on next page...*

16-28947

that the district court improperly failed to determine that habitual criminal adjudication was "just and proper." He also argues that his other convictions were too remote, stale, and trivial to sustain habitual criminal adjudication.

A motion to correct an illegal sentence addresses "only the facial legality of a sentence," to correct a sentence at variance with the applicable sentencing statute. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "[A] motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." *Id.*

The record clearly shows that Morris had three felony convictions when the district court adjudicated him a habitual criminal and imposed its sentence, and we conclude that the sentence imposed was not facially illegal, as Morris's criminal record met the statutory guidelines for habitual criminal adjudication. *See* NRS 207.010(1)(a). Even if the Michigan conviction had been invalid when the sentence was imposed, Morris's other convictions would suffice for habitual criminal adjudication. *See id.* Further, the record belies Morris's contention that the district court misapprehended his criminal record, as the record shows that Morris was convicted of the felonies that the district court considered

---

*...continued*
and directed the State of Michigan to hear an appeal of this conviction. *Morris v. Curtin*, Docket No. 1:07-cv-454 (W.D. Mich. August 29, 2011). The Michigan Court of Appeals promptly commenced appellate proceedings and later affirmed the conviction. *People v. Morris*, Docket No. 305872 (Mich. Ct. App. March 14, 2013); *see also People v. Morris*, 495 Mich. 880 (2013) (denying application for leave to appeal Court of Appeals order).

in sentencing him. Accordingly, we conclude that Morris is not entitled to either modification or correction of his sentence.

As the challenges to the district court's exercise of its discretion in adjudicating Morris as a habitual criminal—on the grounds that the district court failed to determine that such adjudication was just and proper and that his convictions were too stale, remote, and trivial—exceed the narrow scope of a motion to correct an illegal sentence or to modify a sentence, we deny them summarily. *See Edwards*, 112 Nev. at 708 n.2, 918 P.2d at 325 n.2; *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) (holding district court has discretion to consider factors such as remoteness in conducting habitual criminal adjudication).

Having considered Morris's contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:   Hon. Eric Johnson, District Judge
Brent Eli Morris
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk