# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD SETH TRZASKA,
Petitioner,
vs.
THE CLERK OF THE EIGHTH
JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK,
Respondent,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71778

FILED

MAR 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This petition seeks a writ of mandamus directing the district court clerk to file petitioner's pro se motion to modify and/or correct an illegal sentence.[1] The documents presented to this court indicated that the district court clerk, relying upon EDCR 3.70, did not file the motion and related pleadings and instead forwarded the documents to Amanda Gregory, Esq., who was appointed to represent petitioner in a pending postconviction habeas proceeding.[2]

---

[1]We direct the clerk of this court to correct the caption to conform to the caption in this order.

[2]Petitioner further indicates that the clerk failed to file his response to an opposition to a prior motion to modify or correct an illegal sentence and a motion to file, hear, and determine his motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-08731

Because a motion to correct an illegal sentence is a separate action from a postconviction petition for a writ of habeas corpus, *see Edwards v. State,* 112 Nev. 704, 709, 918 P.2d 321, 325 (1996) (recognizing that a motion to modify or correct an illegal sentence is a separate proceeding that is not governed by NRS chapter 34), it appeared from this court's review that petitioner had set forth an issue of arguable merit and had no adequate remedy at law. *See* NRS 34.160; NRS 34.170. Thus, this court directed the State to file an answer against issuance of the writ.

The State argues that a motion to modify and/or correct an illegal sentence was properly dismissed as a fugitive document because Ms. Gregory represented petitioner in all postconviction proceedings, not simply the postconviction habeas proceedings. We conclude that this argument is without merit.

First, there appears to be some confusion regarding the motions subject to this original petition and the actions taken on those motions. While petitioner did not provide any dates in his original petition or copies of the documents at issue, petitioner refers to motions to modify and/or correct an illegal sentence, a response to an opposition to the August 17, 2016, motion to modify and/or correct an illegal sentence, and a motion to file, determine and hear his motion. These documents do not appear to have been filed in or decided by the district court. Rather, it appears that these documents were received by the clerk of the district court and forwarded to Ms. Gregory.[3] It is this decision of the clerk that petitioner challenges in this original petition.

_____

[3]In support of these assertions, petitioner submits a copy of the clerk's November 2, 2016, letter indicating that the documents were forwarded to Ms. Gregory. The November 18, 2016, order denying a
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

Second, the documents provided do not support the State's argument that Ms. Gregory was appointed to represent petitioner in proceedings on a motion to modify and/or correct an illegal sentence. Petitioner's motion to appoint counsel was filed shortly after the filing of a pro se postconviction petition for a writ of habeas corpus and filed almost a year before the motions at issue in this petition. Nothing in the documents presented before this court indicate that the appointment of Ms. Gregory extended beyond the habeas proceedings.

Having determined that petitioner is entitled to relief, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the clerk of the district court to file: (1) the response to the State's opposition, (2) the motion to file, hear and determine motion, and (3) the motion to modify and/or correct an illegal sentence, which were received by the clerk of the district court and forwarded to counsel on November 2, 2016.[4]

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

---

...*continued*
motion to modify and/or correct an illegal sentence appears to resolve an earlier motion filed on August 17, 2016.

[4]We have attached a copy of the November 2, 2016, letter for the clerk's convenience. In light of our decision, we decline to address the State's remaining arguments.

cc: Edward Seth Trzaska
Amanda Gregory, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A



# EIGHTH JUDICIAL DISTRICT COURT
# CLERK OF THE COURT

REGIONAL JUSTICE CENTER
200 LEWIS AVENUE, 3rd Fl.
LAS VEGAS, NEVADA 89155-1160
(702) 671-4554

Steven D. Grierson
Clerk of the Court

Brandi J. Wendel
Court Division Administrator

November 02, 2016

**Attorney:** Amanda S. Gregory
3425 Cliff Shadows Pkwy
Suite 150
Las Vegas NV 89129

**Case Number:** C-13-290065-1
**Department:** Department 5

**Defendant:** Seth E Trzasca

Attached are pleadings received by the Office of the District Court Clerk which are being forwarded to your office pursuant to Rule 3.70.

Pleadings: **1-DEFENDANT'S RESPONSE TO STATE'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY AND OR CORRECT ILLEGAL SENTENCE. 2-DEFENDANT'S PRO-SE MOTION TO FILE, HEAR AND DETERMINE MOTION TO CORRECT NRS 176.555 ILLEGAL SENTENCE PERSUANT TO CHARLES MATTHEW WITH VS THE FIFTH DISTRICT COURT STAT OF NEVADA SUPREME COURT OF NEVADA 2016 NEV LEXIS 519. 3-MOTION TO MODIFY AND/OR CORRECT ILLEGAL SENTENCE.**

**Rule 3.70. Papers which May Not be Filed**

Except as may be required by the provisions of NRS 34.730 to 34.830, inclusive, all motions, petitions, pleadings or other papers delivered to the clerk of the court by a defendant who has counsel of record will not be filed but must be marked with the date received and a copy forwarded to the attorney for such consideration as counsel deems appropriate. This rule does not apply to applications made pursuant to Rule 7.40(b)(2)(ii).