# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY LEONARD WETZEL, A/K/A
GARY A. JAMES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71854

**FILED**

JUN 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a petition for a writ of habeas corpus and a motion to correct an illegal sentence. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Having reviewed the record and the pro se informal brief,[1] we affirm.

First, the district court did not err in denying the habeas petition, which was based entirely on the district court's purported inability to produce a judgment of conviction and appellant's resulting argument that he could no longer be held in custody.[2] The record transmitted to this court includes a judgment of conviction that bears the

---

[1]We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]It appears that appellant sought relief under NRS 34.360, asserting that he was being unlawfully confined because there was no judgment of conviction authorizing his confinement. As such, the petition was not subject to the procedural bars set forth in NRS 34.726, 34.800, and 34.810. *See* NRS 34.720.

17-19917

district court clerk's file stamp with a September 1987 date and the signature of Judge J. Charles Thompson.[3] Second, the district court did not err in denying the motion to correct an illegal sentence because although the sentencing judge's recommendation that appellant not be granted parole is included in the judgment of conviction, that recommendation is not part of the sentence and as such does not render the sentence illegal.[4] *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (explaining that "[m]otions to correct illegal sentences address only the facial legality of a sentence" and that a sentence is facially legal so long as the district court was acting within its jurisdiction and imposed a sentence that falls within the range provided by the applicable statute). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]The record also includes a certified copy of the judgment of conviction. The certification on that document indicates that it is a true and correct copy of the original and is dated September 16, 1987.

[4]We note that the sentencing judge's recommendation does not bind the Parole Board, which has discretion to determine whether to grant parole to an eligible inmate consistent with the applicable provisions in NRS chapter 213.

cc: Hon. Kathleen E. Delaney, District Judge
Gary Leonard Wetzel
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk