# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT STEPHEN JACKSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70211

**FILED**

JUL 12 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order denying a motion to correct an illegal sentence. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Robert Jackson argues that the district court erred in refusing to vacate multiple counts of attempted murder because those counts were allegedly based on a theory of transferred intent and the attempted murder count involving the intended victim had been vacated due to the statute of limitations. Jackson argues that the statute of limitations deprived the court of jurisdiction over the other attempted murder counts and constituted a mistake about his criminal record.

Jackson's claim fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). The statute of limitations is not a jurisdictional defect but an affirmative defense to the charges. *Hubbard v. State*, 112 Nev. 946, 948, 920 P.2d 991, 993 (1996). Thus, an alleged violation of the statute of limitations would not deprive

17-23083

the court of jurisdiction over the charges.[1] Jackson further fails to demonstrate that his sentence was facially illegal. Therefore, without considering the merits of any of the claims raised in the motion, we conclude that the district court did not err in denying the motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
The Law Office of Dan M. Winder, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Further, to the extent that Jackson was seeking to modify his sentence, his arguments do not demonstrate that the district court relied upon any mistake of fact about his criminal record that worked to his extreme detriment. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324.