# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRELL CONNERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73202

FILED

FEB 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a motion to correct an illegal sentence. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Darrell Conners committed multiple robberies during a short period of time in 2011. The State charged Conners with one of the armed robberies, and the federal government charged Conners with the remaining crimes. Conners pleaded guilty in federal court and was sentenced to 191 months of imprisonment. Following the federal court's sentence, Conners pleaded guilty in state court to robbery with the use of a deadly weapon. The district court sentenced Conners to two consecutive terms of 5 to 15 years for the robbery and the use of the deadly weapon, to run concurrently with Conners' federal sentence. However, because Conners began serving his state sentence first, his federal sentence will not begin until his state sentence expires. Thus, the consequences of Conners first serving his state sentence results in his state and federal sentences running consecutively, rather than concurrently.

18-07362

Conners argues that the district court's sentence is illegal because it is impossible for him to serve his federal and state sentences concurrently, and the district court relied on a misapprehension of fact regarding Conners' criminal record and whether his federal and state sentence could run concurrently.

Conners' claims fall outside the narrow scope of claims permissible in a motion to correct an illegal sentence because he does not challenge the facial legality of the sentence or the jurisdiction of the district court.[1] *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Additionally, Conners' claims fall outside the narrow scope of a motion to modify a sentence because he does not demonstrate that the district court relied on a misapprehension regarding Conners' criminal record.[2] *See id.* (concluding that "a motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment"). It appears that Conners is challenging the validity of his sentence, which is an issue that "must be raised in habeas proceedings." *Id.* Therefore, we conclude that the district court did not err in denying the motion to correct an illegal sentence. Accordingly, we

---

[1]We note that the district court sentenced Conners to two consecutive terms of imprisonment for 5 to 15 years, both of which fall within the statutory guidelines for sentencing. *See* NRS 200.380(2) (providing for a sentence of 2 to 15 years for robbery); NRS 193.165 (providing for an additional, consecutive sentence of 1 to 20 years for the use of a deadly weapon in the commission of a crime).

[2]Conners argues that the district sentenced him without knowing that he had already been sentenced in federal court. However, the transcript of the sentencing hearing demonstrates that the district court was aware of this fact.

 

ORDER the district court's order denying the motion AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Michelle Leavitt, District Judge
       Resch Law, PLLC d/b/a Conviction Solutions
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk