# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN DAVID PAMPLIN, A/K/A DAVID PAMPLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76350

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying John Pamplin's motion for modification of sentence and motion to vacate sentence.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Pamplin was convicted, pursuant to a guilty plea, of first-degree murder and two counts of child abuse resulting in substantial mental harm. He was sentenced to life in prison with the possibility of parole after serving 20 years and two terms of 4 to 10 years, all to be served consecutively. The judgment of conviction was entered in 2002. At issue in this appeal is the district court's decision to deny two motions that Pamplin filed on June 6, 2018. Those motions asked the district court to modify his sentence to a term of 10 to 25 years or to vacate the sentence entirely so that he may be released from prison. The district court declined.

---

[1]Having considered the pro se brief filed by Pamplin, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-11592

This court has explained that after a sentence has been imposed, the district court has inherent authority to modify or correct it by motion only in limited circumstances. In particular, the district court may modify a sentence only if it was "based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment," and the court may correct a sentence only if it was facially illegal.[2] *Edwards v. State*, 112 Nev. 704, 708-09, 918 P.2d 321, 324 (1996). Pamplin's motions did not allege either mistaken assumptions about his criminal record that worked to his extreme detriment or that the sentences are facially illegal. Indeed, in the motion to modify, Pamplin expressly disavowed any suggestion that the court had made a mistake. Rather, in both motions he sought relief based on his efforts and behavior while incarcerated, suggesting that he is a "changed man" and basically asking for mercy considering the 16 years that he had served. Requests like these fall outside the limited scope of the district court's inherent power to modify a sentence that was based on mistakes about a defendant's record or to correct a facially illegal sentence. *See id.* As such, the district court did not err in summarily denying the motions. *Id.* at 708 n.2, 918 P.2d at 325 n.2.

In his informal brief on appeal, Pamplin suggests that his conviction and sentence are illegal. In particular, he points out that the first page of a transcript of the justice court proceeding during which he conditionally waived his preliminary hearing for purposes of a psychiatric examination in district court lists a prosecutor who was not assigned to the

---

[2]In both motions, Pamplin referred to NRS 176A.450. That statute addresses when a court may modify the conditions of probation or a suspended sentence. Because Pamplin was not given a suspended sentence and placed on probation, the statute is not relevant here.

case and the assigned prosecutor was not present. This argument and the supporting transcript were not presented to the district court and therefore cannot be considered by this court. Even if we were to consider this argument, the newly alleged facts do not show that Pamplin's sentence is facially illegal. The record before us includes a judgment of conviction entered by a court of competent jurisdiction that imposes sentences within the parameters provided by the relevant statutes. The sentences therefore are not "illegal" for purposes of a motion to correct. *Edwards*, 112 Nev. at 708, 918 P.2d at 324. And to the extent Pamplin asserts these facts in support of a challenge to the validity of the judgment of conviction, he cannot do so in a motion to modify or correct a sentence. *See id.*

Having determined that the district court did not err in denying the motions, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Eighth Judicial District Court, Dept. 6
     John David Pamplin
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk