# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EMANUEL DAVIS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76752 |
| EMANUEL DAVIS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76753 |

FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from a district court order denying a motion to modify or correct a sentence.[1] Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant argues that the district court erred in denying his motion to modify or correct an illegal sentence, which was filed in the district court on January 10, 2018.[2] In particular, he asserts that the consecutive sentences imposed for three counts of owning, training, selling or purchasing animals to fight other animals in violation of NRS 574.070(2) are illegal because the unit of prosecution under NRS 574.070(2) is the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Appellant also filed a motion to modify judgment of conviction on April 26, 2018. The district court denied that motion in a separate order filed on the same date as the order denying the motion filed on January 10, 2018. Appellant clarifies in his pro se appellate brief that he is only appealing from the order denying the January 10, 2018, motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-16055

possession at a single time and place rather than the number of animals involved.

As this court has explained, a motion to correct an illegal sentence may challenge "only the facial legality of a sentence" not the validity of a judgment of conviction or sentence based on alleged errors occurring before or during entry of a guilty plea or at sentencing. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant's unit-of-prosecution argument challenges the number of convictions, not the facial legality of the consecutive sentences.[3] As such, the district court did not err in denying the motion filed on January 10, 2018. *Edwards*, 112 Nev. at 709 n.2, 918 P.2d at 325 n.2. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc: Hon. Kimberly A. Wanker, District Judge
Emanuel Davis
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk

---

[3]The consecutive 19-to-48-month sentences imposed are within the parameters of the relevant statutes, NRS 574.070(5)(a) (first offense is a category E felony); NRS 193.130(2)(e) (sentencing range for a category E felony is a minimum term of not less than 1 year and a maximum term of not more than 4 years); NRS 176.035(1) (affording discretion to impose sentences for two or more offenses concurrently or consecutively), and therefore are facially legal sentences.