JEFFREY L. ERICKSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 21539

December 6, 1991                                      821 P.2d 1042

---

*Terri Steik Roeser,* State Public Defender, *Janet S. Bessemer,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney, *Eric S. Hoshizaki,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

### THE FACTS

The State charged appellant Jeffrey Erickson ("Erickson") with five felonies: burglary, grand larceny, larceny of a motor vehicle, attempted grand larceny, and attempted larceny of a motor vehicle. These charges arose out of several crimes committed on or between the 6th and 8th days of October, 1986, in Carson City, Nevada.

Pursuant to a negotiated plea, Erickson pleaded guilty to one of the counts, larceny of a motor vehicle. In doing so, he admitted stealing a Chevrolet Corvette. In exchange for Erickson's plea, the State dropped the remaining four charges. The memorandum of plea negotiations made no mention of the State's intention to seek restitution for the victims of the dismissed charges.

The district court sentenced Erickson to eight years in prison and ordered him, under NRS 176.033(1)(b), to pay approximately $16,000.00 in restitution. Because the owner of the Corvette suffered no loss as a result of its theft, Erickson was not ordered to pay any restitution for the offense to which he pled guilty. Instead, the entire restitution amount represented losses suffered by victims of offenses that were either dismissed by the State as part of the plea bargain or never charged to Erickson.

Erickson appealed, challenging, *inter alia,* the district court's restitution order.

## DISCUSSION

The restitution provision contained in NRS 176.033 authorizes courts, when sentencing defendants convicted of offenses for which imprisonment is required or permitted by statute, to "set an amount of restitution for each victim of the offense." NRS 176.033(1)(b).

Erickson contends that the district court, in ordering him to pay restitution to persons not victims of the crime he admitted, effectively sentenced him for crimes that the State had dismissed as part of the plea agreement. In doing so, concludes Erickson, the court abused its discretion and exceeded its authority under NRS 176.033(1).

The State submits that the district court's restitution order was proper. In the State's view, courts should utilize a "transactional approach" when ordering restitution pursuant to NRS 176.033(1)(b). Under this approach, courts have discretion to order restitution to all victims whose losses, though not the result of offenses to which a defendant either pleads guilty or has been adjudicated so, arise out of the same transaction or conduct as the charge to which the defendant pleads guilty.

This issue, though one of first impression before this court, has been confronted by courts in many of our neighboring jurisdictions. Interpreting restitution statutes nearly identical to ours, the majority of these courts have held that a defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution. State v. French, 801 P.2d 482 (Ariz. Ct.App. 1990); *see also* State v. Voetberg, 781 P.2d 387 (Or.Ct. App. 1989); State v. Madril, 733 P.2d 365 (N.M.Ct.App. 1987); State v. Berman, 747 P.2d 492 (Wash.Ct.App. 1987); Nelson v. State, 628 P.2d 884 (Alaska 1981). We reject the State's position and adopt the majority rule. Such a rule embodies a fair reading of NRS 176.033(1) and avoids the manifest injustice of punishing defendants for charges to which they have neither admitted guilt nor been adjudicated guilty.[1]

We find no merit in Erickson's remaining contentions. Accordingly, we affirm Erickson's conviction of larceny of a motor vehicle and reverse and vacate the district court's restitution order.

---

[1]Adopting this rule will have the salutary effect of incorporating restitution into plea negotiations. For example, in the instant case, the State could have offered to dismiss charges against Erickson in return for his consent to pay restitution to the victims of those charges.