MONTE BRENT BUFFINGTON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 24422

February 4, 1994                    868 P.2d 643

*James J. Jackson*, State Public Defender and *James P. Logan*,
Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Noel S.
Waters*, District Attorney and *Mark Forsberg*, Deputy District
Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant Monte Brent Buffington ("Buffington") attacks a

judgment of conviction, entered upon resentencing, ordering him to pay restitution for psychological counseling provided to his three stepsons. The boys received counseling after Buffington was accused of various alleged incidents of child sexual assault. We conclude that Buffington agreed to pay restitution for the boys, but that the district judge lacked jurisdiction over the case when he sentenced Buffington. We therefore remand to the district court for resentencing.

Buffington was charged with two felony counts of lewdness with a minor under fourteen years of age, for alleged lewd activity with John and Mark, two of his three stepsons. Buffington pleaded guilty to the count involving Mark, in exchange for dismissal of the count involving John. The Memorandum of Plea Negotiation was silent on restitution. The district judge sentenced Buffington to six years in Nevada State Prison and ordered him to pay restitution to the Victims of Crime Fund ("the Fund") for payments the Fund had made to a psychologist. The payments were compensation for psychological services provided to all three of Buffington's stepsons—Mark, John and Ted. John and Mark received counseling in connection with the charged counts, and Ted in connection with incidents of lewd activity allegedly perpetrated by Buffington but for which he had never been charged.

Buffington appealed the Judgment of Conviction ("the first Judgment") to this court, arguing that the restitution portion was invalid because it failed to set a specific amount for "each victim of the offense," as required by statute. This court agreed and remanded to the district court for resentencing "to include a specific amount [of] restitution for each of appellant's victims."

Before the district judge resentenced Buffington, this court decided Erickson v. State, 107 Nev. 864, 821 P.2d 1042 (1991). In *Erickson* this court interpreted the restitution statute to allow district judges to order restitution only to victims or alleged victims of offenses to which a defendant has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution. 107 Nev. at 866, 821 P.2d at 1043.

On May 10, 1993 the district judge held a resentencing hearing. This court had entered its judgment in the appeal (an Order of Remand) on April 27, 1993, but the remittitur[1] was not transmitted to the district court until May 18, 1993, and was not received in the district court until May 21, 1993. The judge admitted at resentencing that he did not have the file, because the

---

[1]The remittitur is "[a] certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs . . . unless the court directs that a formal remittitur shall issue." NRAP 41(a).

remittitur "has not been received, so . . . [a]ll I have is the documents created by the Order of Remand."

The judge then resentenced Buffington and entered an Amended Judgment of Conviction ("the Amended Judgment"), ordering restitution to the Fund and to Buffington's wife in specific amounts for payments each had made for counseling services provided to all three boys.

Buffington now attacks the Amended Judgment. He first claims that the district judge lacked jurisdiction at the time he resentenced Buffington, as the judge had not yet received the remittitur from this court after Buffington's appeal. Buffington further argues that he cannot be found to have agreed to pay restitution in connection with an offense against John or Ted. The state contends that Buffington agreed to pay restitution for the boys when counsel stipulated to restitution at sentencing.

Jurisdiction in an appeal is vested solely in the supreme court until the remittitur issues to the district court. Under the relevant statutes, the supreme court has control and supervision of an appealed matter from the filing of the notice of appeal until the issuance of the certificate of judgment. NRS 177.155; 177.305.[2] The "certificate of judgment" and various other documents constitute the remittitur. *See* NRAP 41(a). From these provisions, we conclude that a district judge lacks jurisdiction over a case until the remittitur is issued, and that the district court in the instant case had not yet regained jurisdiction to resentence Buffington when it did. Any other construction would allow a district judge to enter orders and judgments while the judgment of this court is still subject to revision or rehearing. *See* NRAP 40(a) (allowing 18 days after entry of Judgment to file a petition for rehearing in the supreme court). Accordingly, we hold that Buffington must be resentenced by the district court.

Buffington also argues that Erickson v. State, 107 Nev. 864, 821 P.2d 1042 (1991), was not the law governing restitution when he was charged and convicted. Apparently he views *Erickson* as expansive of the restitution statute,[3] and argues that the statute should therefore be read to apply in his case only to Mark, the

---

[2]NRS 177.155 provides that "[t]he supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk . . . ." NRS 177.305 provides that, "after the certificate of judgment has been remitted, the supreme court shall have no further jurisdiction of [an] appeal . . . ."

[3]NRS 176.033(1)(b) provides that "[when] a sentence of imprisonment is . . . permitted by statute, the court shall . . . [i]f restitution is appropriate, set an amount of restitution for each victim of the offense."

victim of the specific offense to which he pleaded guilty. He also argues that even if *Erickson* does apply, he did not agree to pay restitution for, he did not admit to, and he was not found guilty of, offenses involving John and Ted within the meaning of *Erickson*.

This court held in *Erickson* that an accused is liable to restitution for victims or alleged victims of offenses to which that accused has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution. 107 Nev. at 866, 821 P.2d at 1043. However, this holding was merely an articulation of existing law, and was not a "new" rule of law.

A new rule of law applies prospectively only. Gier v. District Court, 106 Nev. 208, 212, 789 P.2d 1245, 1248 (1990) (new rules prospective unless they are rules of constitutional law, in which case they may apply retroactively); Franklin v. State, 98 Nev. 266, 269-70, 646 P.2d 543, 544-45 (1982). When a decision merely interprets and clarifies an existing rule, however, and does not announce an altogether new rule of law, the court's interpretation is merely a restatement of existing law. *See Gier,* 106 Nev. at 213, 789 P.2d at 1248.

This court interpreted the restitution statute in line with a universal, well-settled principle of law. *See, e.g.,* United States v. Tyler, 767 F.2d 1350 (9th Cir. 1985); Nelson v. State, 628 P.2d 884 (Alaska 1981); State v. French, 801 P.2d 482 (Ariz. Ct.App. 1990); State v. Madril, 733 P.2d 365 (N.M.Ct.App. 1987); State v. Dillon, 637 P.2d 602 (Or. 1981). As a result, we view our holding in Erickson to have been a clarification of the law existing when Buffington was charged and convicted. Accordingly, *Erickson* applies to Buffington's sentence.

In addition, we construe the stipulation of Buffington's counsel at sentencing to be an agreement to pay restitution for all three boys under *Erickson*. At Buffington's first sentencing hearing, his counsel declared generally that Buffington would "stipulate to any restitution in the past having to do . . . [w]ith the counseling and any restitution in the future that's corroborated in some way or properly submitted." Counsel later stated, "I wasn't very clear, Your Honor. I did want to put it on the record that we also stipulate specifically to any counseling for Teddy." These statements evidence an agreement to pay restitution in connection with the charged offense against Buffington and in connection with the dismissed offense involving John and the allegations of lewd conduct with Ted. As a result, we find no error in the district judge's award of restitution based upon counsel's stipula-

tion. However, because the court lacked jurisdiction over the subject matter of the case before it received the remittitur, we vacate the Amended Judgment and remand for resentencing.