PHILLIP L. GREENWOOD, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 25437

April 30, 1996        915 P.2d 258

*James J. Jackson,* State Public Defender, and *Timothy P. O'Toole,* Deputy State Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel Waters,* District Attorney, *Egan K. Walker,* Deputy District Attorney, *Melanie L.F. Bruketta,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant Phil Greenwood was tried on a charge of battery causing serious bodily harm. He was acquitted of that charge but

was convicted of the lesser offense of misdemeanor battery. At the conclusion of the criminal trial, the district judge ordered Greenwood to pay Jon Stevens, the injured party, restitution in the amount of $94,000 to cover the costs of all of Stevens' medical bills.

We conclude that the district court's order requiring Greenwood to pay restitution for all of Stevens' medical bills was erroneous.

### FACTS

At approximately 11:00 p.m. on July 27, 1993, Stevens went to Clancy's bar in Carson City. Stevens was celebrating his job promotion which involved relocation from Carson City to Puerto Rico. Stevens went to Clancy's bar to meet the bartender, James Branstetter, who was a friend of Stevens' friend. Stevens and Branstetter began a conversation, and Stevens had a few drinks.

Also at Clancy's bar were Ken Newman and appellant Greenwood, who were friends and who had been drinking and playing pool together for several hours. Stevens did not know either Newman or Greenwood, but Newman testified that Stevens repeatedly gave him "dirty looks." Greenwood confronted Stevens and allegedly told him to stop staring at Newman, but Stevens persisted in giving Newman dirty looks.

Branstetter testified that around 11:30 p.m., Newman and Stevens got into a heated verbal argument and were standing nose to nose but that he did not see what prompted the argument. Branstetter got between the parties, put his arms around both of them, and broke up the argument. After that, Newman and Greenwood went back to playing pool, and Stevens retook his seat at the bar. About ten minutes later, Branstetter began to close down the bar and was able to get Stevens to leave first. Branstetter bought Newman and Greenwood a drink in order to keep them inside the bar so that Stevens would have ample time to leave the area, thereby avoiding any more conflict.

Approximately ten minutes later, Newman and Greenwood finished their drinks and left the bar, and the testimony differs as to what happened next. Stevens testified that after he left the bar he got into his car and, in accordance with his habit, called his answering service from his cellular telephone. However, Stevens' telephone bill reflected that he made no calls from his cellular telephone on the night of the altercation. He testified that he was pulled from his car by someone and beaten but that he did not remember any details of the incident and only remembers the police and paramedics administering medical care to him.

Greenwood testified that he walked out of the bar first, believing that Newman was right behind him, and when he stepped out

of the door and onto the sidewalk, he saw somebody who later was identified as Stevens charging at him yelling something like, "There you are, you little [expletive deleted]." Greenwood testified that he stepped out of the way to avoid being hit, and then hit Stevens once in the face, knocking him down. When Stevens tried to get up, Greenwood hit him again in the face, knocking him to the ground. Greenwood further testified that after the second punch, Newman came out of the bar, Greenwood told him that Stevens had tried to jump him, and Newman kicked Stevens in the head and chest while he was still on the ground.

Newman testified that he was exiting the bar behind Greenwood but was detained for a short period of time because he either went to the bathroom or talked to Branstetter briefly. Newman stated that when he exited the bar shortly after Greenwood he saw Greenwood jumping and bouncing around Stevens, who was in the fetal position. Newman stated that while Stevens was on the ground Greenwood kicked him several times in the face and rib area. Newman then testified that he told Greenwood to "let me have a piece of this [expletive deleted]" in order to get Greenwood to calm down and back off of Stevens. Newman then stated that he tried to roll Stevens over with his foot to see if he was all right but that Stevens was too heavy to roll over.

Branstetter testified that while he was locking the door to the bar he noticed the commotion and saw someone who he believed was Greenwood savagely kick Stevens in the head twice and saw someone who he believed to be Newman standing a considerable distance away from the altercation. Greenwood and Newman left the scene, and the police and paramedics arrived shortly thereafter and administered medical care to Stevens. Stevens refused to go to the hospital with the paramedics but did go to the hospital the next day because he was in extreme pain.

Stevens suffered extensive injuries to his face and internal organs and required a forty-two day hospital stay. His external injuries consisted of a skull fracture and broken nose. He also suffered internal injuries which required the surgical removal of part of his pancreas and his entire spleen, and it was the removal of these organs and the complications attendant thereto which mandated the lengthy hospital stay and accounted for the majority of the medical expenses. The bill for Stevens' medical care was approximately $94,000.

Greenwood was charged with battery causing substantial bodily harm.[1] The jury was instructed that Greenwood could also

---

[1]Substantial bodily harm was defined in the jury instructions as an injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ or prolonged physical pain.

be found guilty of the lesser included offense of battery if it was not convinced beyond a reasonable doubt that Greenwood was guilty of battery causing substantial bodily harm. At the conclusion of trial on December 2, 1993, Greenwood was acquitted of battery causing substantial bodily harm and was convicted of misdemeanor battery in violation of NRS 200.481.

The issue of restitution was discussed at the sentencing hearing held on December 20, 1993. The State argued that Greenwood was responsible for Stevens' medical bills in their entirety even though the jury acquitted Greenwood of battery causing substantial bodily harm. The State claimed that the jury found Greenwood guilty of using unlawful force on Stevens and that it should not be incumbent upon Stevens to prove who caused what injuries.

Greenwood argued that the jury acquitted him of battery causing serious bodily injury and that a civil trial was the proper forum to determine who caused what injuries to Stevens. Greenwood also claimed that given the jury's verdict, it was logical to assume that the jury did not believe that Greenwood delivered the blows which caused Stevens' substantial bodily injuries but that the jury did believe that Greenwood acted in excess of his self-defense privilege by hitting Stevens a second time.

The district judge sentenced Greenwood to time served, a $100 fine, a $55 administrative assessment, and $94,000 in restitution to be paid to Stevens. The court stated that the basis for imposing restitution on Greenwood was that

> [g]enerally, under the civil law, a person who puts a, a chain of events in, in place is responsible for the injuries which occur as a result of putting those chain of events in place. That is, the jury had to conclude that your conduct was inexcusable as a matter of law.
>
> If they conclude that, then you are responsible for anything that is not the proximate cause, but a proximate cause, and I expressly find that there is no intervening unforeseeable cause of this injury. That is, normally under the civil law, somebody else committing an illegal criminal action is not foreseeable, and, therefore, you would not necessarily be responsible for that. But in the circumstances in this case, where there are two individuals who seem to be acting at least in a, in a joint fashion during most of the evening, that it can well be foreseeable that if an altercation occurs, that more than one person may be involved in that.
>
> And so I find that you are a foreseeable and a proximate cause of the injury to this person and assess the, the restitution in that fashion. . . .

Greenwood timely appealed that portion of the sentence imposing the $94,000 restitution upon him.

## DISCUSSION

Nevada law permits a court to set an amount of restitution owed by a criminal defendant if restitution is appropriate. NRS 176.033.[2] This court has stated that

> a defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution. . . . Such a rule embodies a fair reading of NRS 176.033(1) and avoids the manifest injustice of punishing defendants for charges to which they have neither admitted guilt nor been adjudicated guilty.

Erickson v. State, 107 Nev. 864, 866, 821 P.2d 1042, 1043 (1991) (citations omitted); see also State v. Madril, 733 P.2d 365, 367 (N.M. Ct. App. 1987); State v. Voetberg, 781 P.2d 387, 388 (Or. Ct. App. 1989).

We conclude that based on *Erickson,* it was improper for the district judge to order Greenwood to pay restitution for all of Stevens' medical damages. The jury acquitted Greenwood of the charge of battery causing serious bodily injury, but the district judge still ordered Greenwood to pay restitution to cover Stevens' medical damages resulting from his serious bodily injuries. Additionally, Greenwood did not admit to and did not agree to pay restitution for the charge of battery causing serious bodily injury. Therefore, the district judge improperly punished Greenwood for charges to which he had been adjudicated not guilty in violation of this court's decision in *Erickson.*

## CONCLUSION

The district court's order requiring Greenwood to pay restitution in the amount of $94,000 to cover the costs of all of Stevens' medical bills was erroneous because Greenwood was not convicted of the crime of battery causing serious bodily injury, he never admitted to committing that crime, and he never agreed to pay restitution for that crime. For this reason, the district judge's

---

[2]NRS 176.033(1) states:

> If a sentence of imprisonment is required or permitted by statute, the court shall:
>
> (a) Sentence the defendant to imprisonment for a definite period of time . . .; and
>
> (b) If restitution is appropriate, set an amount of restitution for each victim of the offense . . . .

order requiring Greenwood to pay restitution in the amount of $94,000 must be set aside.