An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANULE ROBERT POPE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62532

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

Appellant Danule Robert Pope appeals from an amended and second amended judgment of conviction, pursuant to a jury verdict, of unlawful use of a controlled substance. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

After Pope successfully moved for the correction of an illegal sentence, the district court entered an amended judgment of conviction that did not state whether Pope's sentence would run concurrently or consecutively to his sentence in an unrelated case. Apparently on its own motion, the district court later entered a second amended judgment of conviction specifying that the sentence was to run consecutively to the other sentence.

Pope contends that because the amended judgment of conviction was silent with regard to whether the sentence would run concurrently or consecutively, the sentences are deemed to run concurrently pursuant to NRS 176.035(1). He also asserts that the district court lacked jurisdiction to enter the second amended judgment because it was entered after the filing of the notice of appeal from the first amended

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21478

judgment of conviction. *See Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

During the sentencing hearing, defense counsel specifically requested that "probation begin when Mr. Pope is paroled." And the district court unambiguously ordered the sentence to run consecutively to Pope's sentence in his other case. Under these circumstances, we conclude that the amended judgment of conviction contained a clerical error because it did not reflect that the sentence was ordered to run consecutively. When the district court entered the second amended judgment of conviction to include this requirement, it simply corrected the clerical error. The district court had jurisdiction to enter the second amended judgment of conviction because a district court may correct a clerical error arising from an oversight or omission at any time. NRS 176.565. Accordingly we conclude Pope's contention lacks merit.

Pope also contends that the district court erred by giving a jury instruction defining when a person is under the influence of a controlled substance. An appeal from an amended judgment of conviction may only challenge the amended judgment of conviction to the extent that it differs from the original judgment of conviction. *Cf. Sullivan v. State,* 120 Nev. 537, 540-42, 96 P.3d 761, 763-65 (2004) (entry of an amended judgment of conviction can only provide good cause to file an untimely post-conviction petition for a writ of habeas corpus if the claims raised relate to the amendment). To the extent this appeal can be construed as an appeal from the original judgment of conviction, the notice of appeal

was not timely filed. *See* NRAP 4(b)(1)(A). Therefore, we lack jurisdiction to consider this claim. *See Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994) ("[A]n untimely notice of appeal fails to vest jurisdiction in this court."). Accordingly, we

ORDER the judgments of conviction AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Steve L. Dobrescu, District Judge
     State Public Defender/Ely
     State Public Defender/Carson City
     Attorney General/Carson City
     White Pine County District Attorney
     White Pine County Clerk