An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY SCOTT HERMANSKI A/K/A
ROBERT JAMES DAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64951

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a motion to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In his motion filed on December 12, 2013, appellant first claimed that the district court was without jurisdiction to enter an amended judgment of conviction because this court had not yet issued the remittitur from the decision regarding the appeal of the denial of appellant's post-conviction petition for a writ of habeas corpus. *Hermanski v. State*, Docket No. 47011 (Order of Affirmance and Limited Remand to Correct Judgment of Conviction, July 13, 2006). Appellant's

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19245

claim was without merit and appellant failed to demonstrate that his sentence was facially illegal. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Generally, a notice of appeal divests the district court of jurisdiction until this court issues its remittitur, thus returning jurisdiction to the district court. *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994). However, while an appeal is pending and prior to issuance of the remittitur, the district court retains jurisdiction to address "matters that in no way affect the appeal's merits." *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006). After this court issued its decision and shortly before the issuance of the remittitur, the district court amended the judgment of conviction to correct a typographical error as instructed by this court. Under these circumstances, appellant failed to demonstrate that the district court did not have jurisdiction to enter the amended judgment of conviction as the correction of the typographical error did not affect the merits of appellant's appeal. *See id.* Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his sentence violated the Double Jeopardy Clause. This claim fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324. Therefore, without considering the merits of this claim, we conclude that the district court did

not err in denying it. Accordingly, the district court did not err in denying the motion and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Elissa F. Cadish, District Judge
       Gregory Scott Hermanski
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.