An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ALLEN REPINEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65053

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

JAMES ALLEN REPINEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65054

*ORDER OF AFFIRMANCE IN DOCKET NO. 65053*
*AND ORDER DISMISSING APPEAL IN DOCKET NO. 65054*

Docket No. 65053 is an appeal from a second amended judgment of conviction entered in district court case number CR-1212131, pursuant to a no contest plea, of unlawful use of a controlled substance. Docket No. 65054 is an appeal from a second amended judgment of conviction entered in district court case number CR-1212134, pursuant to a jury verdict, of unlawful use of a controlled substance. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37304

*Docket No. 65053*

Appellant James Allen Repinec contends that the district court erred in its computation of credit for time served. He claims that he is entitled to "presentence credit on each case from the time of arrest or the filing of a complaint until the first judgment of conviction was entered." Repinec was booked on separate charges in two cases, on separate dates, and was subsequently sentenced on separate dates for each case. While his presentence incarceration for the two cases overlapped, Repinec is not entitled to double-count the same time simply because he faced two charges. Repinec fails to demonstrate that he was entitled to any additional credit.

*Docket No. 65054*

Repinec argues that the district court erred in its computation of credit for time served as recorded in an order granting in part his motion to correct sentence, filed April 22, 2014.[1] However, the notice of appeal indicates that this is an appeal from the "Judgment and Sentence that was filed on February 7, 2014." Therefore, this claim is not properly raised in this appeal. Further, we conclude that we lack jurisdiction over this appeal because Repinec is not an aggrieved party as the second amended judgment of conviction, filed February 6, 2014, increased his

---

[1]We note that this order was entered after the notice of appeal was filed on February 18, 2014. Therefore, the district court lacked jurisdiction to enter the order granting in part Repinec's motion to correct sentence. *See* NRS 177.155; *Buffington v. State,* 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

credit for time served and awarded him more credit than he sought. *See* NRS 177.015 (only an aggrieved party in a criminal action may appeal). Therefore, this appeal must be dismissed.

Accordingly, we

ORDER the second amended judgment of conviction in Docket No. 65053 AFFIRMED and the appeal in Docket No. 65054 DISMISSED.


_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry


cc:   Hon. Steve L. Dobrescu, District Judge
State Public Defender/Ely
State Public Defender/Carson City
Attorney General/Carson City
White Pine County District Attorney
White Pine County Clerk