# IN THE SUPREME COURT OF THE STATE OF NEVADA

RURI ANIVAR DE SANTIAGO-ORTIZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67424

**FILED**

FEB 1 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with substantial bodily harm. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Ruri De Santiago-Ortiz and his brother, Alfredo Santiago, visited friends and drank beer in the parking lot of their friends' apartment complex. Although uninvited, Leon Arellano-Pacheco, the victim, joined the men and drank beer with them. Shortly thereafter, Santiago-Ortiz and Arellano-Pacheco argued. The argument escalated into a physical confrontation when Arellano-Pacheco charged at Santiago-Ortiz with a machete. Santiago-Ortiz hid behind his car and the other men forced Arellano-Pacheco to drop the knife and fall to the ground. Once Arellano-Pacheco was lying unconscious on the ground, Santiago-Ortiz left his hiding place, kicked Arellano-Pacheco in the head, and fled the scene with his brother. Arellano-Pacheco was rushed to the hospital where he died the next day due to the injuries he sustained to his brain and spinal cord.

The State subsequently charged Santiago-Ortiz and Alfredo by criminal complaint with involuntary manslaughter, battery causing substantial bodily harm, and conspiracy to commit a crime.

Santiago-Ortiz waived his preliminary hearing and accepted a negotiated settlement. He pleaded guilty to one count of battery causing substantial bodily harm, a category C felony. See NRS 200.481(2)(b). The plea memorandum, which Santiago-Ortiz signed, documented that the district court could sentence him to imprisonment for one to five years and could order him to pay restitution. Prior to sentencing, Santiago-Ortiz filed a sentencing memorandum in which he provided an offense synopsis that minimized his culpability and requested that the court suspend the prison sentence and place him on probation.

In calculating restitution during the sentencing hearing, the district court ruled out funeral expenses, but it determined that the victim's medical expenses were appropriate for restitution. Accordingly, the court ordered Santiago-Ortiz to pay restitution of $59,301.45, jointly and severally with Alfredo. The district court also sentenced Santiago-Ortiz to five years imprisonment with parole eligibility after two years.

On appeal, Santiago-Ortiz argues that the district court abused its discretion during sentencing. Specifically, he argues that the court abused its discretion because it 1) relied upon "impalpable or highly suspect evidence" in the presentence investigation report (PSI) in violation of Stockmeier v. State, Board of Parole Commissioners, 127 Nev. 243, 248, 255 P.3d 209, 213 (2011) (internal quotation omitted), when it sentenced him; 2) refused to consider the victim's history of violence; 3) sentenced him to the maximum allowable term of incarceration despite his reduced

culpability; and 4) ordered restitution for the victim's medical expenses without setting an evidentiary hearing and applying civil theories of recovery.

We conclude that the district court did not abuse its discretion because 1) Santiago-Ortiz has not demonstrated that the court relied upon impalpable or highly suspect evidence in sentencing him; 2) the lower court considered the victim's history of violence, but concluded that it was not relevant; 3) the court sentenced him to a term of incarceration which complies with Nevada law; and 4) Nevada law does not permit the procedure that Santiago-Ortiz seeks for setting restitution.

*Standard of review*

We review a trial court's sentencing decision for an abuse of discretion. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Unless the trial court record shows "prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," we will not disturb a district court's sentencing order on appeal. *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

*Reliance upon impalpable or highly suspect information in the PSI*

Santiago-Ortiz claims that the district court relied upon highly suspect information in the PSI when it sentenced him. Unfortunately, Santiago-Ortiz did not make a proper record for this court to review the issue because he did not provide this court with the relevant portion of the PSI. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Pursuant to NRAP 30(b)(6), the appellant must file a motion with this court's clerk for an order directing the district court to transmit the PSI report in a sealed envelope when the report is necessary for our resolution of issues

on appeal and the report cannot be included in the appendix. Santiago-Ortiz failed to make such a motion or include the relevant portion of the report in his appendix. Thus, we cannot conclude that the district court relied upon impalpable or highly suspect evidence in the PSI.

*Consideration of the victim's alleged violent history*

Santiago-Ortiz next claims that the district court erred by failing to consider the victim's violent history when it sentenced him. We disagree.

The record demonstrates that the district court considered Arellano-Pacheco's violent history. Although the district court sustained the State's objection to defense counsel's argument that the victim had a history of criminal and violent behavior, defense counsel continued to address the victim's history notwithstanding the court's ruling. Defense counsel referenced Arellano-Pacheco's convictions for battery, an alleged history of fighting, and his alleged acts of homicide in Mexico. Counsel also stated that Santiago-Ortiz was acquainted with Arellano-Pacheco and that Santiago-Ortiz believed that Arellano-Pacheco intended to kill him. After listening to defense counsel's argument (and in spite of sustaining the objection earlier), the district court determined that the victim's history was irrelevant because the victim had been disarmed and rendered unconscious before Santiago-Ortiz kicked Arellano-Pacheco in the head. We therefore conclude that the district court did not abuse its discretion in determining that the victim's history was not relevant in this case.

*Term of incarceration*

Santiago-Ortiz further claims that the district court abused its discretion by sentencing him to the maximum allowable term of incarceration. Again, we disagree.

"A district court has wide discretion in imposing a prison term and this court will not disturb the sentence absent a showing of abuse of such discretion." *Tanksley v. State*, 113 Nev. 844, 848, 944 P.2d 240, 242 (1997). Battery causing substantial bodily harm, the crime to which Santiago-Ortiz pleaded guilty, is punishable by a prison sentence of one to five years. The district court sentenced Santiago-Ortiz to five years in prison, with the possibility of parole after two years. While a five-year sentence is at the high end of the statutorily-prescribed range, it is clearly within that range. Accordingly, we conclude that the district court did not abuse its discretion when it sentenced Santiago-Ortiz to a five-year term of imprisonment.

*Restitution*

Santiago-Ortiz claims that the district court erred by setting restitution without conducting an evidentiary hearing and applying civil recovery principles. Santiago-Ortiz also claims that the district court erred in ordering that he pay restitution jointly and severally with Alfredo because, Santiago-Ortiz alleges, he was only responsible for a small portion of the victim's injuries. We conclude that the district court did not abuse its discretion in its restitution order.

"If a sentence of imprisonment is required or permitted by statute, the court shall . . . [i]f restitution is appropriate, set an amount of restitution for each victim of the offense." NRS 176.033(1)(c). "On appeal, this court generally will not disturb a district court's sentencing

SUPREME COURT OF NEVADA

(O) 1947A

determination so long as it does not rest upon impalpable or highly suspect evidence." *Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999).

"'[A] defendant may be ordered to pay restitution only for an offense that he has admitted, [or] upon which he has been found guilty.'" *Greenwood v. State*, 112 Nev. 408, 412, 915 P.2d 258, 260 (1996) (quoting *Erickson v. State*, 107 Nev. 864, 866, 821 P.2d 1042, 1043 (1991)). A "victim['s] medical costs for the treatment of [his or her] injuries directly resulting from the crime are the proper subject of restitution." *Norwood v. State*, 112 Nev. 438, 441, 915 P.2d 277, 279 (1996). Medical debt belongs to the victim and/or the victim's estate, and as such it is an appropriate award for restitution of such costs. *Martinez*, 115 Nev. at 11, 974 P.2d at 134.

The district court did not abuse its discretion by setting restitution without conducting an evidentiary hearing and using civil recovery principles. Santiago-Ortiz urges this court to require evidentiary hearings and adopt civil principles in setting restitution, however, the authorities to which he cites for support come from jurisdictions with a statutory or state constitutional basis for applying recovery principles. Nevada does not have such statutory authority, so unless and until the Legislature chooses to create such a right, a district court is not required to hold an evidentiary hearing or apply civil recovery theories in calculating restitution. Moreover, when Santiago-Ortiz pleaded guilty, he admitted to the facts contained in the State's charging document and waived his right to argue another set of facts or reduced culpability or to raise affirmative defenses such as self-defense.

*Conclusion*

Because the Santiago-Ortiz's ultimate sentence was clearly within the range specified by law, the district court was within its discretion to conclude that the victim's history was irrelevant, and because the district court did not err in setting restitution, we conclude that the district court did not abuse its discretion at sentencing. Accordingly we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                             Douglas

_____, J.        _____, J.
Cherry                               Saitta

_____, J.        _____, J.
Gibbons                              Pickering

cc:    Hon. James E. Wilson, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Carson City District Attorney
       Carson City Clerk

