# IN THE SUPREME COURT OF THE STATE OF NEVADA

KRYSTAL ANGELINE COLEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78189

**FILED**

DEC 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_S. Young_
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of child abuse or neglect. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Krystal Coleman pleaded guilty to child abuse or neglect, *see* NRS 200.508(1)(b)(1), after allowing her codefendant to sexually abuse her daughter, I.B. She agreed to pay restitution as determined by the district court.

The parties reviewed the restitution amounts with the district court at sentencing. In its presentence investigation report (PSI), the Division of Parole and Probation (the Division), recommended a total restitution amount of $14,517.55. This recommendation included $12,167.55 for I.B's childcare services incurred by the Washoe County Family Support Division (Washoe County) and amounts for I.B.'s counseling. Coleman objected to the restitution amount for counseling, arguing that her codefendant directly sexually abused I.B, while she merely neglected I.B. The district court imposed restitution of $12,167.55 incurred for childcare services, but not for the amount related to counseling.

The Division recommended a mandatory imprisonment sentence, despite the probation success probability score's (PSP) presumptive probation recommendation. It did so initially because Coleman filed a psychosexual evaluation, rather than a risk assessment.[1] At sentencing, the Division explained that it would have recommended imprisonment, regardless of the PSP, even if Coleman had timely filed a risk assessment prior to the preparation of the PSI; the Division would have deviated due to the extreme facts of the crime and the ongoing adverse victim impact. But the Division did not deviate from the PSP because it did not have reason to do so until Coleman filed a proper risk evaluation, two days before sentencing. Ultimately, the parties and the district court agreed that Nevada law did not mandate imprisonment, but the district court still ordered a sentence of imprisonment. This appeal followed.

*The district court awarded legally appropriate restitution*

On appeal, Coleman argues that the district court awarded "legally [in]appropriate" restitution, invoking NRS 176.033(1)(c) (providing in part that "the court shall: . . . [i]f . . . appropriate, set an amount of restitution"). But Coleman does not challenge the evidence used to set the amount of restitution. We review questions of statutory interpretation de novo. *Barber v. State*, 131 Nev. 1065, 1068, 363 P.3d 459, 462 (2015). We have previously reviewed evidence used to set an *amount* of restitution, a factual determination, for an abuse of discretion. *E.g.*, *Major v. State*, 130 Nev. 657, 661, 333 P.3d 235, 238 (2014).

---

[1]NRS 176A.110(1)(b) requires a sentence of imprisonment, without suspension, unless Coleman did "not represent a high risk to reoffend." *See* NRS 176A.110(3)(d).

A district court may award "restitution only for an offense that [a defendant] has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution." *Erickson v. State*, 107 Nev. 864, 866, 821 P.2d 1042, 1043 (1991). We have authorized restitution "where the defendant was convicted of abusing his children and the State incurred expenses for the . . . foster care of the children." *Major*, 130 Nev. at 660-61, 333 P.3d at 238 (citing *Roe v. State*, 112 Nev. 733, 735, 917 P.2d, 959, 960 (1996)). Any restitution must reimburse injury or expense that is a direct result of the crime. *Martinez v. State*, 115 Nev. 9, 11, 974 P.2d 133, 134 (1999) (concluding "that the district court could properly order appellant to pay as restitution the victims' medical bills that *directly resulted* from appellant's criminal conduct") (emphasis added); *Norwood v. State*, 112 Nev. 438, 441, 915 P.2d 277, 279 (1996) (concluding "that the victims' medical costs for the treatment of their injuries *directly resulting* from the crime are the proper subject of restitution") (emphasis added).

Coleman appears to mistake what the district court ordered. The district court entertained extensive argument over the restitution amounts and sustained Coleman's objection to restitution for I.B.'s counseling, resolving Coleman's principal complaint on appeal. Instead, the district court compensated Washoe County for childcare expenses. To the extent that Coleman challenges restitution to Washoe County to reimburse childcare expenses, we are not persuaded. Coleman neglected I.B. by allowing her codefendant to sexually abuse I.B. As a direct result of Coleman's abuse or neglect, Washoe County had a duty to remove I.B. from Coleman's custody, incurring the childcare expenses Coleman contests. NRS 432B.330; NRS 432B.390.

*The district court did not commit Blankenship error*

Coleman also argues that the district court committed *Blankenship* error. But Coleman only preserved one ground below: the PSI's recommendation of mandatory imprisonment. "A simple error in a PSP does not constitute impalpable or highly suspect evidence. Rather, the error must be such that it taints the PSI sentencing recommendation . . . ." *Blankenship v. State*, 132 Nev. 500, 509, 375 P.3d 407, 413 (2016). Coleman caused the PSI's mandatory prison recommendation by not filing a proper risk assessment until two days before sentencing. At the time it was written, the PSI was legally correct. Even assuming error, the district court clearly recognized that the law did not require imprisonment at the time of sentencing. Thus, error did not taint Coleman's sentence of imprisonment, so *Blankenship* does not apply.

Coleman also asserts a variety of additional *Blankenship* errors and other sentencing errors on appeal. For example, she asserts that the Division erred by not informing the district court that I.B. had been molested by two other people. She also claims that the Division erred by including statements made by the victim's grandmother-guardian, rather than counseling records, in the PSI. In addition, she faults the Division for not accounting for certain mitigation evidence in the PSI, regarding her culpability for the crime relative to that of her codefendant. And she claims that the district court abused its discretion by implying that probation should not be an option for such charges and by demonstrating bias. Finally, she argues that the district court abused its discretion by not ordering her codefendant to pay certain restitution amounts. We have reviewed these allegations and determined that they lack merit. The

district court made a clear and thoughtful record of its reasons for sentencing Coleman as it did, and neither legal error nor an abuse of discretion occurred.

Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Kathleen M. Drakulich, District Judge
Richard F. Cornell
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk