# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ELLWOOD SZLUHA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78210

FILED

NOV 2 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Jacqueline M. Bluth, Judges.

On April 10, 2018, appellant Michael Szluha filed a second, untimely postconviction petition for a writ of habeas corpus. Relying upon this court's decision in *Shue v. State*, 133 Nev. 798, 407 P.3d 332 (2017), Szluha raised a unit-of-prosecution challenge to his multiple convictions for using a minor in the production of pornography and lewdness with a child under the age of 14 years, arguing the convictions were illegal because his offenses only involved one minor victim. The State opposed the petition, arguing that it was procedurally barred. The district court orally denied the petition, and Szluha filed a notice of appeal from that decision. On May 30, 2019, the district court entered a written order denying the petition as procedurally barred. On October 1, 2019, the district court amended its order by deleting the procedural bar analysis and resolving the petition on the merits.

The district court erred in several respects in its resolution of the petition. First, the district court did not have jurisdiction to amend the May 30 written order because jurisdiction over the proceedings had been vested in this court by the filing of the notice of appeal. *See Buffington v.*

20-43155

*State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) ("Jurisdiction in an appeal is vested solely in the supreme court until the remittitur issues to the district court. Under the relevant statutes, the supreme court has control and supervision of an appealed matter from the filing of the notice of appeal until the issuance of the [remittitur]."); NRAP 4(b)(2) ("A notice of appeal filed after the announcement of a decision, sentence or order—but before entry of the judgment or order—shall be treated as filed after such entry and on the day thereof."). And neither the district court nor the parties followed the procedures required to obtain a limited remand to amend the May 30 order resolving the petition. *See Foster v. Dingwall*, 126 Nev. 49, 51-53, 228 P.3d 453, 454-56 (2010) (explaining the procedures for seeking a remand to modify or amend an order that has already been appealed to this court); *Huneycutt v. Huneycutt*, 94 Nev. 79, 80, 575 P.2d 585, 585 (1978) (recognizing district court has no authority to grant a new trial once a notice of appeal has been filed and discussing procedure for seeking a remand). However, it is apparent from our review of the documents that the district court is inclined to amend its prior decision, and we conclude that requiring the district court and the parties to follow the procedures in *Dingwall and Huneycutt* at this point would only serve to further delay a final resolution of this matter. Thus, we will consider the amended order as if the proper procedures had been followed.

The district court's amended order seemingly construed the second habeas petition to be a motion to correct an illegal sentence. This was error. Because a motion to correct an illegal sentence is a separate remedy from a postconviction petition for a writ of habeas corpus, *see* NRS 34.724(2)(a) (providing that a habeas petition is not a substitute for a motion that is incident to the proceedings); *Edwards v. State*, 112 Nev. 704,

707, 918 P.2d 321, 323-24 (1996) (recognizing that a motion to modify or correct an illegal sentence is incident to the proceedings), it was error to construe appellant's habeas petition as a motion to correct an illegal sentence. Appellant's unit-of-prosecution challenge was outside the scope of a motion to correct an illegal sentence because the claim attacked the validity of the conviction and involved alleged trial error. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324 ("A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" (quoting *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985))). Likewise, a motion to modify a sentence would be an inappropriate remedy because Szluha did not allege that there was a material mistake about his criminal record that worked to his extreme detriment. *Edwards*, 112 Nev. at 708, 918 P.2d at 324. "Issues concerning the validity of a conviction or sentence, except as detailed in [*Edwards*], must be raised in habeas proceedings." *Id.*

The district court further erred to the extent it resolved the habeas petition on the merits without addressing the clearly applicable procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). Szluha's petition was untimely as it was filed more than two years after issuance of the remittitur on direct appeal on December 8, 2015. *See* NRS 34.726(1); *Szluha v. State*, Docket No. 65816 (Order of Affirmance, November 13, 2015). Moreover, the petition was successive as it was the second petition filed which challenged the validity of the judgment of conviction, *see* NRS 34.810(1)(b)(2), and it was an abuse of the writ to the

extent Szluha litigated a new and different claim from what was previously litigated in the first petition, *see* NRS 34.810(2). *See Szluha v. State*, Docket No. 73679-COA (Order of Affirmance, August 14, 2018). To overcome the procedural bars, Szluha had to demonstrate good cause and actual prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3). This he did not do.

Szluha's argument that *Shue* provides good cause because the legal basis for his unit-of-prosecution argument was not available until *Shue* was decided is mistaken. *Shue* did nothing more than interpret the plain language of NRS 200.710(2) to determine the unit of prosecution, and thus this argument was available at the time of trial, direct appeal, and the first habeas proceedings. *See Shue*, 133 Nev. at 802, 407 P.3d at 336; *see also Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (recognizing that good cause may be established where the factual or legal basis for the claim was not reasonably available to be raised in a timely petition); *Colwell v. State*, 118 Nev. 807, 819, 59 P.3d 463, 472 (2002) (recognizing that a rule is not new when "the court's interpretation is merely a restatement of existing law," or when this court applies well-established principles in an analogous case (quoting *Buffington*, 110 Nev. at 127, 868 P.2d at 645)). Further, Szluha's reading of *Shue* is flawed as it does not limit the unit of prosecution for the use of a minor in the production of pornography to a single offense for a single victim.[1] *Shue*, 133 Nev. at 801-

---

[1]Szluha provided no cogent argument that the holding in *Shue*, which analyzed the use of a minor in the production of pornography, applied to his convictions involving lewdness with a minor under the age of 14 years, and thus, *Shue* would not provide good cause for challenging the lewdness convictions. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (noting that it is the appellant's responsibility to present relevant authority and cogent argument)

02, 407 P.3d at 336 (recognizing that Shue could be convicted of multiple offenses for *each* minor victim used in *each* performance). Therefore, concluding that Szluha's petition was procedurally barred and without good cause, we affirm the order of the district court denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (recognizing that a decision may be affirmed on appeal where the district court reaches the correct result albeit for the wrong reason). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc: Chief Judge, Eighth Judicial District Court
   Hon. Joseph T. Bonaventure, Senior Judge
   Hon. Jacqueline M. Bluth, District Judge
   The Draskovich Law Group
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk