An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP JACKSON LYONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63259

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from orders of the district court denying a post-conviction petition for a writ of habeas corpus and a motion to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Post-conviction petition for a writ of habeas corpus*

Appellant filed his petition on February 15, 2013, more than 21 years after entry of the judgment of conviction on March 25, 1991. Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]The district court entered an amended judgment of conviction on May 17, 2013, to correct a clerical error. The amended judgment of conviction did not provide good cause in this case. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). In addition, we note that the petition was untimely from the January 1, 1993, effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30689

Moreover, appellant's petition was successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[3]  *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.  *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice.  NRS 34.800(2).

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant claimed that he had good cause because he was not appointed counsel for his previous post-conviction proceedings.  We conclude that this argument lacked merit.  The appointment of counsel was discretionary in appellant's post-conviction proceedings, *see* NRS 34.750(1); 1987 Nev. Stat., ch. 539, § 42, at 1230 (former NRS 177.345(1)), and appellant failed to demonstrate an abuse of discretion or provide an explanation for why he could not raise this claim earlier.  Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, August 7, 2014).  Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

---

[3]*Lyons v. State*, Docket No. 24046 (Order Dismissing Appeal, July 9, 1993); *Lyons v. State*, Docket No. 26201 (Order Dismissing Appeal, February 10, 1998).  He filed his first post-conviction petition on February 3, 1992, but did not appeal the denial of that petition.

Moreover, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition.

*Motion to correct an illegal sentence*

In his motion filed on April 4, 2014, appellant claimed that the judgment of conviction failed to properly state the statute under which he was sentenced and failed to state his minimum sentence. Appellant's claims fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of any of the claims raised in the motion, we conclude that the district court did not err in denying the motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Elissa F. Cadish, District Judge
Phillip Jackson Lyons
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk