# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ADAM DOLLAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67314

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a motion to correct or modify an illegal sentence, or alternatively, a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

In his pleadings filed below, appellant Christopher Dollar argued that the sentencing judge based his sentence upon a mistaken impression of the true nature of Dollar's mental and social abilities. Dollar further asserted that the sentencing judge was not presented with evidence about his psychiatric disorders, borderline intelligence, cognitive deficits, low-level autism spectrum disorder, and that had the sentencing judge been presented with this information there was a substantial possibility he would not have received such a harsh sentence. Based on this evidence, he argued that the State wrongly suggested at sentencing that he was the ringleader of the robbery spree. Having reviewed the documents filed in this court, we conclude that the district court did not err in denying the motion and/or petition.

Dollar first argues that the district court erroneously determined that his claims fell outside the scope of a motion to correct an

17-05668

illegal sentence or motion to modify a sentence. We disagree. Dollar's claims fell outside the scope of a motion to correct an illegal sentence because they do not challenge the facial legality of the sentence or the jurisdiction of the district court. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (holding that a motion to correct an illegal sentence is limited in scope to claims that challenge the facial legality of the sentence or that challenge the jurisdiction of the district court). Dollar's claims further fell outside the narrow scope of a motion to modify sentence because they do not challenge alleged mistakes about his criminal record.[1] *See id.* (holding that "a motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment").

---

[1]We additionally note that aside from Dollar's argument regarding his culpability relative to his codefendants, none of Dollar's arguments relate to a mistake of fact about Dollar's cognitive abilities but rather relate to additional mitigating evidence he believes should have been presented at sentencing. The fact that additional mitigating evidence could have been presented does not establish a constitutional due process violation in a noncapital case. *See Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).

And we note that the State did not aver that Dollar was the ringleader; instead the State argued that Dollar had the motivation to commit the crime, "[got] the crime rolling," and elicited help for the crime. Nothing in the new evidence presented by Dollar contravenes this argument. Regardless, at sentencing, trial counsel argued against any suggestion that Dollar was the ringleader, pointing to Dollar's age and his lack of an adult criminal record and noting his special education background. Dollar's argument that further mitigation information would have made a difference at sentencing is purely speculative.

Dollar further argues that to the extent his motion was construed as a habeas petition the district court erred in determining that he had not demonstrated good cause to excuse the procedural defects due to his limited mental capacity, his low-level spectrum autism disorder, and the difficulty in acquiring the new evidence without the assistance of counsel in the first postconviction proceedings. We conclude that the district court did not err in concluding that the petition was procedurally barred and without good cause.

The petition was untimely filed, *see* NRS 34.726(1); successive, *see* NRS 34.810(2); and an abuse of the writ, *see* NRS 34.810(2). Dollar was thus required to demonstrate good cause to excuse the procedural defects. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by showing that an impediment external to the defense prevented the petitioner from complying with the statutory procedural requirements set forth in NRS chapter 34, and a good cause claim must afford a legal excuse. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Dollar's limited mental capacity, low-level autism spectrum disorder, and incarcerated status are not impediments external to the defense and would not provide good cause to excuse the procedural defects. *See Phelps v. Director, Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). The appointment of counsel in postconviction proceedings is discretionary in a noncapital case, *see* NRS 34.750(1), and the failure to appoint postconviction counsel in the first postconviction proceedings would not provide good cause. *See generally Brown v. McDaniel*, 130 Nev., Op. No. 60, 331 P.3d 867 (2014) (rejecting the application of *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012), to state procedural bars and recognizing that good cause cannot be premised

upon an ineffective-assistance-of-counsel claim where there is no statutory or constitutional right to counsel). Dollar further fails to adequately demonstrate that the factual basis for his claims, the new evidence obtained by his current counsel, was not reasonably available in his first postconviction proceedings. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Valerie Adair, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk