# IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK VONSEYDEWITZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71785

**FILED**

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING AND REMANDING

This is a pro se appeal from a district court order denying appellant Frederick Vonseydewitz's October 11, 2016, motion to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Vonseydewitz argues that his sentences are illegal because the judgment of conviction equates his minimum sentences to the minimum amount of time he must serve before he is eligible for parole. Any reference to parole eligibility in the judgment of conviction is of no consequence because Vonseydewitz's first parole-eligibility date is determined not by the minimum sentence set forth in the judgment of conviction but rather by NRS 209.4465. *See* 1997 Nev. Stat., ch. 641, § 4, at 3175 (NRS 209.4465(7)(b) (1997), providing that credits apply to parole eligibility unless an exception applies); *see also Vonseydewitz v. Legrand,* Docket No. 66159 (Order of Reversal and Remand, June 24, 2015) (holding the exception did not apply to Vonseydewitz); *Hall v. State,* 91 Nev. 314,

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-19835

315, 535 P.2d 797, 798 (1975) ("The law of a first appeal is the law of the case on all subsequent appeals." (quotation marks omitted)). The references to parole eligibility are thus merely surplus language. Because his sentence of 8 to 20 years in prison is not at variance with the applicable sentencing statute, *see* NRS 193.330(1)(a)(1) (providing a possible sentence of 2 to 20 years in prison), he has not demonstrated that his sentence is illegal. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).

Vonseydewitz also argues that his sentences are illegal because the judgment of conviction erroneously labels his category B felonies as category A felonies. Vonseydewitz is correct that the judgment of conviction misidentifies the category of his crimes. *See* NRS 193.330(1)(a)(1); NRS 200.366; NRS 201.230(2). However, the clerical errors did not affect his sentences, which are within the range provided by the applicable sentencing statute, and thus could not render them illegal. We nevertheless direct the district court to correct these clerical errors. *See* NRS 176.565 (providing correction of clerical mistakes may be made at any time).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

 

cc:    Hon. Jennifer P. Togliatti, District Judge
Frederick Vonseydewitz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk