# IN THE SUPREME COURT OF THE STATE OF NEVADA

DERRICK EVERETT BISHOP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76571

FILED

APR 12 2019

ELIZABETH L. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from district court orders denying a postconviction petition for a writ of habeas corpus, supplemental petitions, and various postconviction motions challenging the validity of the judgment of conviction.[1] Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Appellant first argues that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-16064

give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claims that trial counsel did not adequately investigate and find documentation that showed he had informed the police of his change of address. Appellant similarly argues that trial counsel improvidently advised him to waive his preliminary hearing. Appellant fails to demonstrate deficient performance or prejudice. The documentation provided by appellant relates to sex offender registration and does not demonstrate that he complied with the condition of lifetime supervision requiring him to keep his parole and probation officer informed of his current address and to seek residence approval from his parole and probation officer.[2] *See* NRS 213.1243(3)(a), (c). This statutory obligation is separate from his obligation to register as a sex offender. Thus, the district court did not err in denying this claim.

Next, appellant claims that trial counsel was ineffective for not making a counteroffer during the early plea bargaining process. Appellant fails to demonstrate deficient performance or prejudice as he does not identify what trial counsel should have countered with or demonstrate that the State was likely to accept the counter offer. Thus, the district court did not err in denying this claim.

Next, appellant argues that Washoe County's mandatory status conference and early plea bargaining program violates his right to counsel because the public defender's office does not adequately represent

---

[2]We note that appellant provided an incomplete copy of the report prepared by his parole and probation officer describing the violation.

 

defendants in these proceedings and the mandatory status conference offer sheet contains an unconscionable consequence for rejecting a plea offer. Appellant did not demonstrate that he was denied the right to counsel, *see United States v. Cronic*, 466 U.S. 648, 659-60 (1984), or that his plea was involuntarily or unknowingly entered, *see State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000). Thus, the district court did not err in denying this claim.

Appellant argues that treating sex offenders differently than other felons violates equal protection and the right to be free from cruel and unusual punishment, Washoe County changed its policy without informing him that a violation of lifetime supervision would be treated as a separate offense instead of a violation filed under the same number as the original sexual offense, he was never given information regarding his rights upon release from prison, he was incorrectly informed he could not leave Reno, he was improperly charged with a violation of lifetime supervision because he had submitted sex-offender registration paperwork and his case represents a conspiracy to make homelessness a criminal offense, he was harassed by his parole and probation officer, the mandatory status conference plea offer sheet does not identify the specific violation of lifetime supervision, and he should not have been serving a sentence of lifetime supervision because he was wrongfully convicted of attempted lewdness with a child. The district court did not err in denying these claims as they fell outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

Finally, we conclude that the district court did not err in treating appellant's various postconviction motions as seeking to correct an

illegal sentence and determining that no relief was warranted, *see Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996), or in denying his motion for the appointment of counsel, *see* NRS 34.750(1). Accordingly, we ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Kathleen M. Drakulich, District Judge
       Derrick Everett Bishop
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

_____

[3]We decline to consider appellant's argument regarding this court's decision in *McNeill v. State*, 132 Nev., Adv. Op. 54, 375 P.3d 1022 (2016), because it was not raised below.